## EMMETT E. SWINK, Respondent, v. LEE ANTHONY, Appellant.

### Kansas City Court of Appeals, November 3, 1902.

1. **Depositions: NOTARIES PUBLIC: JUDICIAL ACTION.** A notary, in taking depositions, acts as a temporary substitute for the court, and so in a judicial capacity as to whether certain questions are, privileged.

2. ——: ——: **ATTORNEY OF RECORD: STATUTE.** Depositions in behalf of a party taken before his attorney, where the opposite party does not appear, are, in practical effect, taken before the party himself and may be suppressed on that account, although there is no provision in the statute providing for such case.

3. **Instructions: DECEIT: WARRANTY.** Where the defense consists of false representations and breach of warranty, an instruction ignoring the false representations and permitting the plaintiff to recover on defendant's failure to show a breach of warranty, is improper since it ignores one of the defenses.

4. ——: ——: **COMMENT ON EVIDENCE.** An instruction telling the jury that if the defendant had the mules in question examined it was a circumstance to be considered in passing on the question of warranty, is condemned as a comment on the evidence.

Appeal from Boone Circuit Court.—*Hon. John A. Hockaday,* Judge.

REVERSED AND REMANDED.

*N. T. Gentry* for appellant.

(1) The trial court erred in not sustaining defendant's motion to suppress the depositions of plain-

tiff's witnesses, Taylor, Scott and Swink; and also erred in allowing said depositions to be read to the jury over defendant's objections. The Supreme Court held, in Hainey v. Alberry, 73 Mo. 427, that an acknowledgment to a deed of trust, taken before a notary who was the trustee in said deed of trust, was void. The object of our statute is obviously to secure the utmost fairness and impartiality in the taking of depositions. Edmunds v. Griffin, 41 N. H. 529; Bean v. Quimby, 5 N. H. 94; Floyd v. Rice, 28 Texas 341; Williams v. Rawlins, 33 Ga. 117; McLean v. Adams, 45 Hun. (N. Y.) 189; Manufacturing Co. v. McAllister, 35 N. W. (Neb.) 181; Tillingbast v. Walton, 5 Ga. 335; Glanton v. Griggs, 5 Ga. 424; Fragan v. Curetor, 19 Ga. 404; Burton v. Railway, 61 Texas 526; Clopton v. Norris, 28 Ga. 188; Welborne v. Downing, 11 S. W. (Texas) 501; Byas v. Railroad, 9 Texas Civ. App. 572; Stewart v. Emerson, 70 Mo. App. 482; Weeks on Attorneys (2 Ed.), sec. 122. (2) The court erred in giving plaintiff's instruction No. 3, as there were two counterclaims contained in defendant's answer. The instruction complained of is misleading and contradicts other instructions. The giving of such an instruction constitutes reversible error. McAdams v. Cates, 24 Mo. 223; Barron v. Alexander, 27 Mo. 530; Lindsay v. Davis, 30 Mo. 406; Griggsby v. Stapleton, 94 Mo. 423; Water Co. v. Bathe, 41 Mo. App. 285; Tiedem. on Sales, secs. 158, 159 and 164; 1 Parsons on Cont. (6 Ed.), sec. 579; Lawson on Cont., sec. 217; Tiffany on Sales, 112 and 161; Benjamin on Sales, secs. 431 and 510. (3) The same erroneous theory is contained in plaintiff's instruction No. 2. (4) Plaintiff's instruction No. 4 is equally faulty; it contains an abstract proposition, which is incorrect. The fact (even if it was a fact) that the defendant did examine all of the mules, one at a time, is not the slightest proof that there was no warranty. Fruit Co. v. Talerico, 69 S. W. (Texas) 196; Wright v. Richmond, 21 Mo. App. 76; Blair v. Railway, 31 Mo. App. 224; Musser v. Adler, 86 Mo. 450. (5) "The vice of specially calling the attention

of the jury to isolated facts, or otherwise giving prominence to a view of the case favorable to one side, while measurably retiring the view of the other side by ignoring it, or presenting it only in general terms, has been frequently condemned by this court.'' Barr v. Kansas City, 105 Mo. 559; McFaden v. Catron, 120 Mo. 274; Railway v. Stock Yards, 120 Mo. 565; 2 Thomp. on Trials, sec. 2330; Jones v. Jones, 57 Mo. 142; Fine v. Public Schools, 39 Mo. 67; Spohn v. Railway, 87 Mo. 74; Forrester v. Moore, 77 Mo. 659; Rayson v. Trumbo, 52 Mo. 39; Chappell v. Allen, 38 Mo. 221; Calef v. Thompson, 81 Ill. 478; Wischester v. Earle, 33 Mich. 143; Chose v. Iron Works, 55 Mich. 139; Evans v. George, 80 Ill. 51; Newman v. McComas, 43 Md. 70.

*Webster Gordon* for respondent.

(1) The law regulating the manner of taking depositions, and describing the persons authorized to take same, is purely statutory. It is only essential in taking depositions that the statutory requirements be substantially complied with, in order to make them admissible as evidence. Borders v. Barber, 81 Mo. 631. (2) Whether the notary taking the depositions was at that time one of respondent's attorneys, is purely a question of fact. And that question was tried by the court below and the finding was against the appellant's contention and his motion overruled. The finding of a trial court on questions of fact, where the evidence is conflicting, is always conclusive upon the appellate court. And the questions of fact involved can not be reveiwed by the appellate court and the evidence weighed, and this court will not undertake to do so. Holden v. Vaughan, 64 Mo. 588; Gaines v. Fender, 82 Mo. 497; Hamilton v. Boggess, 63 Mo. 233; 2 Encyclopedia of Practice and Pleading, page 410, and notes; State v. White, 152 Mo. 159; Kuenzel v. Stevens, 155 Mo. 280; Haven v. Railroad, 155 Mo. 216. (3) The court did not commit error in giving plaintiff's instructions numbered 2 and 3. Both

instructions authorized a finding against the defendant on his counterclaim. Branson v. Turner, 77 Mo. 489; Compton v. Parsons, 76 Mo. 455; Miles v. Withers, 76 Mo. App. 87 loc. 91; Danforth v. Crookshank, 68 Mo. App. 311. (4) Instruction numbered 4 is not a comment on the evidence. A similar instruction was approved by the Supreme Court in the case of Branson v. Turner, 77 Mo. 489; Woolen Mills v. Meyers, 43 Mo. App. 129.

SMITH, P. J.—The case here, shortly stated, is about this: The plaintiff sold the defendant fifty-five head of mules for $4,250, of which amount the latter paid $4,000; the balance he refused to pay, and to recover that balance this action was brought. The defense interposed by the answer was a general denial, to which was added two counterclaims—one charging fraudulent representation as to the age and soundness of a certain number of the mules, on account of which $500 damages were sustained; and the other charging a breach of warranty as to age and soundness of said mules and on account of which damages in the further sum of five hundred dollars were sustained. The plaintiff had judgment in the trial court for $263.75, to reverse which the defendant appealed.

I. The first ground on which the defendant by his appeal questions the judgment is, that the trial court erred in its action refusing, on his motion, to suppress the depositions taken by plaintiff and filed in the cause. The record discloses that the law firm of Pipkin & Swink reside at Farmington, St. Francois county, in this State; that said firm was entrusted by plaintiff with the collection of his said claim against defendant, and that it thereupon wrote defendant a letter advising him of that fact and that unless said claim was paid at once it would bring suit thereon against him; that thereafter a suit was brought by said firm for plaintiff against defendant in the circuit court of Boone county, in this State, where defendant resided. It appears that to the plaintiff's petition was signed the

name of said firm with that of Webster Gordon, Esq., a resident attorney of Boone county. After the suit had been brought the plaintiff gave notice to defendant that depositions would be taken in his behalf at a certain time and place in said county of St. Francois. The said depositions were accordingly taken before the said Merrill Pipkin, who was a notary public and a member of said law firm of Pipkin & Swink, and by him certified and returned to the circuit court wherein the cause was pending. It appears that the defendant was neither personally present nor represented by an attorney at the taking of the depositions. The witnesses whose depositions were taken were the plaintiff, his son, and two hired hands. Mr. Webster Gordon, one of the plaintiff's attorneys, testified on the hearing of the motion to suppress that he had signed the names of Pipkin & Swink to the plaintiff's petition without any authority from them to do so, but while this was no doubt true, the fact remained undisputed that the firm were the attorneys for the plaintiff in the case. They were given charge of the claim by the plaintiff in the first instance and Mr. Gordon's connection with the case was, no doubt, brought about through their agency. It is clear that they were the home attorneys of the plaintiff at the time the suit was brought and at the time the depositions were taken.

Under section 2897, Revised Statutes, a notary public in taking depositions acts as a temporary substitute for the court in which the cause is pending. Proffat on Notaries, sec. 31. It has been held that in taking depositions he acts in a judicial capacity in determining whether or not the witness is privileged from answering certain questions, etc. Bank v. Conway, 1 Hughes (U. S.) 37; Wassen v. Conner, 54 Miss. 351; Ex parte Livingston, 12 Mo. App. loc. cit. 83; Ex parte McKee, 18 Mo. 600.

Mr. Pipkin while taking said depositions in his capacity of notary public was acting for the court as its substitute—acting in a quasi-judicial capacity; and he was at the same time acting as the substitute for the

plaintiff. In other words, the capacity in which he acted was a dual one. And while no doubt, he acted in the utmost good faith, we can not doubt but that in so doing he very nearly, if not quite, trenched upon the principle of the common law maxim "*nemo aget in seipsum*", or, as sometimes otherwise expressed "*nemo (potest) esse judex in propria causa.*" The taking of the depositions by `the plaintiff's attorney was not different in practical effect than if taken before the plaintiff himself. The action of the plaintiff's attorney was the act of the plaintiff so that the plaintiff was in so far acting as a judge in his own cause, which the common law does not permit. To sanction such a practice would open the door to the most flagrant abuse of the privilege.

It is true that so far as any provision of the statute relating to the taking of depositions extends, the depositions were not improperly taken. We do not think that though this is so, they can be read in evidence. It is easy to see that depositions may be suppressed for many reasons other than that they were not taken in the manner required by statute. The motion to suppress should have been sustained.

II. The defendant complains that the trial court further erred in giving for the plaintiff his instructions number two and three. The defenses pleaded, as have already been stated, were those of deceit and breach of warranty. The plaintiff's instructions told the jury unless they found from the evidence certain facts therein specified that there could be no warranty and its verdict should be for the plaintiff on both of the defendant's counterclaims.

There was evidence sufficient to carry the case to the jury on the issue of deceit in the sale of the mules, yet under this instruction if it was found by the jury that there was no warranty, that then it must find for plaintiff on both counterclaims pleaded. They ignored the deceit pleaded in the first count of the answer; or, perhaps more accurately speaking, withdrew that defense from the consideration of the jury. The

jury might very well have found that the plaintiff did not warrant the mules or any of them as to soundness and age, and yet found that he was guilty of deceitful representations in that regard. In the latter case it was not necessary that there should have been any warranty as to the age or condition of the mules.

There may be a warranty with deceit, or deceitful representations without a warranty. If the jury found the defense of deceitful representations without fraud sustained by the evidence, then the defendant was entitled to recoup from the contract price the amount of this difference between the value of the mules to which the deceitful representations related, had they been such as represented to be, and their value such as it was shown to really be. Danforth v. Crookshanks, 68 Mo. App. 311. As the plaintiff's second and third instructions related to the defendant's counterclaim based on breach of warranty, and yet told the jury that if it found for plaintiff on that defense that the verdict should be for plaintiff and against defendant on each of said counterclaims pleaded in the answer, it was misleading and should not have been given. The defenses pleaded were separate and distinct, and because the evidence disclosed no right to recover on the one it did not follow, as a matter of law, that there could be no recovery on the other.

The plaintiff's fourth instruction told the jury that if the defendant had the mules caught up and examined one by one it was a circumstance that it might take into consideration in determining whether or not the said mules were in fact warranted to be sound and from five to eight years old. This, if for no other reason, was improper because it singled out particular facts and directed the attention of the jury to them, and thereby informed it that the portion of the evidence so referred to had a tendency to establish a controverted fact in the case. These facts were proper for the consideration of the jury along with the other evidence in determining the issue of fact. The instruction was so manifestly a comment upon the evi-

dence that it must fall under condemnation.

It results that the judgment will be reversed and cause remanded. All concur.