SWINK, Respondent, v. ANTHONY, Appellant.

St. Louis Court of Appeals, May 24, 1904.

1. **DEPOSITIONS: Notice to Take: Construction of Statute.** In the concluding clause of section 2885 of the Revised Statutes of 1899, which provides for the service of notice to take depositions upon the adverse party or his attorney, "where such party or his attorney resides in this State," the word "where" is synonymous with "if" and does not require such notice to be served at the place of abode of the party or his attorney.

2. **PRACTICE: Instructions: Commenting Upon Evidence.** An instruction which gives undue prominence to isolated portions of the evidence should not be given, but where particular facts, adverted to in an instruction, were conspicuous in any aspect of the case, and it could not be determined that the result of the case was effected thereby, the adverting to such facts in the instruction was not reversible error.

Appeal from St. Louis County Circuit Court.—*Hon. J. W. McElhinney*, Judge.

AFFIRMED.

*N. T. Gentry* and *F. A. Heidorn* for appellant.

(1) Plaintiff's instruction 5 is a comment on the evidence, is argumentative and gives undue prominence to plaintiff's testimony. Wright v. Richmond, 21 Mo. App. 76; Blair v. Railway, 31 Mo. App. 224; Musser v. Adler, 86 Mo. 450; Barr v. Kansas City, 105 Mo. 559, 16 S. W. 483; McFadin v. Catron, 120 Mo. 274, 25 S. W. 506; Railway v. Stock Yards, 120 Mo. 565, 25 S. W. 399; 2 Thomp. on Trials, sec. 2330. (2) Judge SMITH, in Benjamin v. Railway, 50 Mo. App. 62, after citing numerous authorities and criticising a similar instruction on account of its being a comment on the evidence, singling out certain facts and giving them undue prominence

says: "These facts were proper for the consideration of the jury, along with other evidence, in determining this issue of facts." Spohn v. Railway, 87 Mo. 74; Forrester v. Moore, 77 Mo. 659; Rayson v. Trumbo, 52 Mo. 39; Chappell v. Allen, 38 Mo. 221; Jones v. Jones, 57 Mo. 142; Fine v. Public Schools, 39 Mo. 67; Calef v. Thompson, 81 Ill. 478; Wischester v. Earle, 33 Mich. 143; Chose v. Iron Works, 55 Mich. 139; Evans v. George, 80 Ill. 51; Newman v. McComas, 43 Md. 70. (3) Counsel for appellant presumed that the meaning of the word "where" was fully understood, especially when it is as plainly stated as it is in section 2885, Revised Statutes 1899. But as counsel for respondent seem to think that the word "where" is synonymous with the word "when," it may be well to give correct definitions of both words. "*When*—(1) At what or which time; a general interrogative of time; (2) although, at the very time that; (3) at which or what time; (4) after that, as soon as, etc." "*Where*—(I) Interrogative, (1) at or in what place, relation or situation; as, where is your hat, etc.; (2) to what place or end; whither, etc.; (3) from what place. (II) Conjunctive, (1) at or in which or what place; at the place in which; (2) to a place or situation in or to which." Webster's International Dictionary; Wagnall's Standard Dictionary. Section 2885, Revised Statutes 1899, is copied from section 4442, Revised Statutes 1889, which is copied from section 2138, Revised Statutes 1879, which is copied from section 36, Gen. Stat. 1865 (p. 590). This section occurs for the first time in the revision of 1865; prior to that time, there was a somewhat similar section, but the wording clearly showed the intention of the lawmakers. It is as follows: "In all cases where depositions shall be taken by virtue of any of the preceding sections of this law, the party at whose instance the same shall be taken, shall cause notice in writing, of the time and place of taking such depositions, to be served on the adverse party, if he reside in this

State, and if not, then on his attorney in the cause."
R. S. 1855, sec. 9 (p. 654), vol. I; Littleton v. Christy,
11 Mo. 390. "The time allowed to a party, on notice to
attend the taking of depositions, has relation to the dis-
tance to the place of caption from the place where he
resides, and not to the place of caption from the place
where he may be found." Porter v. Pillsbury, 36 Me.
278; Toulman v. Swain, 47 Mich. 82.

*Pipkin & Swink* for respondent.

(1) Appellant's first objection is that the court
erred in not sustaining his motion to suppress the depo-
sitions of respondent's witnesses taken in St. Louis.
He relies solely upon section 2885, Revised Statutes
1899, to support his position. The section reads as fol-
lows: "SECTION 2885.—*Notice to be given, if the party
or his attorney reside in this State, how.*—In all cases
where depositions shall be taken by virtue of any of the
preceding sections of this chapter, the party at whose
instance they are taken shall cause notice in writing of
the time and place of taking them to be served on the
adverse party, or his attorney of record in the cause,
where such party or his attorney resides in the State."
The language and punctuation will not permit any other
construction than this—that where such party or his at-
torney reside in the State, he must be served with a
notice in writing of the time and place of taking them.
Section 2886 supports this construction. It reads: *"If
they do not reside in this State, how.*—If neither the
adverse party nor his attorney reside in this State, post-
ing such notice in the office of the justice or of the clerk
of the court where the suit is pending shall be deemed
sufficient notice." The two sections when read together
leave no doubt but that the Legislature intended in the
one to provide for personal service if the party or his
attorney reside in the State and in the other to provide
for service by posting the notice if both the party and

his attorney reside out of the State. (2) The instruction is not a comment upon the evidence, but is an instruction based upon all the evidence. (3) The error complained of must apparently affect the substantial rights of appellant. Appellate courts will not encourage litigation by reversing judgments for technical, formal or other errors which the record shows could not have prejudiced the appellant's rights. 2 Ency. P. and Prac., p. 499; Spence v. Crow, 47 Mo. App. 321; Bertram v. Railway, 154 Mo. 639.

REYBURN, J.—Plaintiff Swink and defendant Anthony were both engaged in dealing in mules, the first residing in St. Francois county, the latter in Boone county, Missouri, about one hundred and sixty miles from the city of St. Louis; by this action, originally brought in the circuit court of Boone county, subsequently shifted by change of venue to county of St. Louis, plaintiff seeks to recover a balance of the contract price for two carloads of mules sold by him to defendant in St. Francois county, and consigned by the purchaser to a commission firm in East St. Louis, Illinois. Defendant interposed two counterclaims; the first contained averments to the effect, that defendant purchased the mules to be sold on the market in East St. Louis, as plaintiff well knew, and relying upon representations of plaintiff regarding their ages and conditions which, in particulars detailed, proved false and rendered the mules unsalable to the defendant's loss in sum of $500. The second count was based upon breaches of warranties of ages and conditions of the animals, with like amount assigned as consequent injury. The trial developed, with the usual repetition of the history of transactions involving such subjects of contract, a confused and bewildering conflict of testimony, upon which the jury found a verdict for the balance unpaid of the agreed price, and also upon the counterclaim in favor of plaintiff.

1. The errors assigned for reversal are confined to two contentions, the first of which is charged to be found in the action of the trial judge in overruling defendant's motion to suppress the depositions of numerous witnesses and the admission thereof as evidence on behalf of plaintiff. Defendant, as well as his attorney, was a resident of Boone county and pending defendant's brief delay in the city of St. Louis, travelling homeward, he was served therein January 28, 1903, with notice of the intended taking of the testimony in that city on the second day of February thereafter. Section 2885, Revised Statutes 1899, merely provides for notice in writing of time and place of taking the depositions to be served on adverse party or his attorney of record in the cause "where such party or his attorney resides in this State." Sections 2887 and 2888, provide for the method and manner of service of such notice, and section 2889 recites, that the service shall precede the date fixed for taking depositions at least three days, with one day additional for every fifty miles of the first three hundred miles and one day additional for each succeeding hundred miles of the distance from the place of service of notice to the place named for taking the testimony. On behalf of appellant it is strenuously argued that in the language used in the concluding clause of the first section above alluded to, the word "where" is not equivalent to and of same import as the word "when" but should be impressed with the usual definition "at or in which or what place," importing the element of locality; whereas the word "when" in same acceptation involves the idea of time not place. Such construction, however, if adopted would result in confining the service of notice of taking testimony to the place of abode either of the suitor or his attorney. The interval made essential by the statute between the giving of the notice and the day of taking the testimony, in no event is permitted to be less than three days, and is further prolonged proportioned to the distance between the

places of service and of taking the deposition, such time being accorded as reasonable for the due and proper preparation necessarily preliminary to appearance at the examination of the adverse witnesses. While it may be, that under the present statute, in the contingency that the opposite party and the testimony sought to be procured in deposition form, happen both to be at the same point which may be remote from the place of trial, as the notice prior to taking such testimony is to be measured by the distance separating the places of service of notice and of taking depositions, an oppressive application or abuse of the process of law may be conceived, and testimony may be taken far away from the court in which the cause is pending, on brief and, perhaps, in some instances, insufficient notice, but none the less in our judgment, particularly considering the above sections, together with the succeeding section, which expressly makes provision for the service of notice, where neither the adverse party nor his attorney reside in the State, no reasonable doubt exists that the word "where" as employed in sections 2885 is synonymous with "if" and assumes the condition of one or the other, either adverse party or litigant residing in the State, and the notice under which the testimony herein was taken, complied with the statutory requirement.

2.    The court included the following in the instructions given:

"The court instructs the jury that if you find from the evidence that at the time the defendant purchased said mules he was an experienced mule buyer, then engaged in buying and selling mules, and if you further find from the evidence, that defendant went to the plaintiff's home in St. Francois county, Missouri, for the purpose of buying plaintiff's mules, and if you further find from the evidence, that before defendant bought said mules, he examined them and then purchased said mules after he had examined them, upon his own judgment, and if you further find from the evidence that the

statements and representations made by the plaintiff to the defendant as to the ages, quality and condition of said mules were the expressions of plaintiff's honest opinion of said mules, leaving defendant to understand that he must examine and judge said mules for himself, and that he did so understand at the time, then in such case the plaintiff is not liable to the defendant in damages in this case, even though you may believe that defendant did not realize as much for said mules as he agreed to pay for them.''

This instruction is assailed as violative of the rule well recognized that the charge to the jury should not contain any comment upon the evidence or distinguish any feature in the testimony on one side or the other in the case. An instruction which gives undue prominence to isolated portions of the evidence should not be given. 2 Thompson, Trials, sec. 2330; Railway v. Stock Yards, 120 Mo. 541, 25 S. W. 399; Barr v. Kansas City, 105 Mo. 550, 16 S. W. 483; Swink v. Anthony, 96 Mo. App. 420, 70 S. W. 272. This general rule, however, is subject to the equally well-established exception that unless the party complaining of the instruction was clearly prejudiced thereby, the judgment should not be disturbed. Bertram v. Railway, 154 Mo. 639, 55 S. W. 1040. The particular facts adverted to in the instruction criticized were conspicuous in any aspect of the case and it can not be asserted with confidence that the result of the case was affected or appellant aggrieved by the form of this instruction. Two juries have found in favor of respondent and no error justifying reversing the second verdict has been exhibited and the judgment is accordingly affirmed. *Bland, P. J.,* and *Goode, J.,* concur.