**STATE ex rel. Reginald JORDON, Relator,**

v.

**Hon. Richard J. MEHAN, Judge, Twenty Second Judicial Circuit, Respondent.**

No. 42343.

Missouri Court of Appeals, Eastern District, Division Four.

April 8, 1980.

Sara Harmon, Asst. Public Defender, Robert C. Babione, Public Defender, Linda Murphy, Asst. Public Defender, St. Louis, for relator.

George Peach, Circuit Atty., Mark A. Brown, St. Louis, for respondent.

SMITH, Presiding Judge.

This matter is before us following our issuance of a preliminary writ of prohibition directed to respondent. The parties have filed a stipulation of facts which reads in pertinent part as follows:

"STATEMENT OF FACTS

Relator has been charged with Murder, Second Degree and awaits trial in Circuit Court for the City of St. Louis. The Court determined relator to be indigent and the Public Defender has been appointed to represent him. Relator contends he is in need of a psychiatric expert to conduct a mental examination and aid relator and his counsel in determining whether or not to proceed with a defense of not guilty by reason of mental disease or defect. Relator is without sufficient funds to hire a psychiatrist on his own and must rely on Section 552.030 R.S.Mo. 1978 to secure the services of a Court appointed psychiatrist.[1]

On August 29, 1979, Attorney for Relator filed a Motion for Appointment of a Psychiatrist pursuant to Section 552.030. A First Amended Motion for a Psychiatric Exam was subsequently filed requesting that a confidential written report of such examination be prepared and delivered to attorney for defendant and that no non-confidential or any other type report be made available to the State. This request is contrary to the provisions of Section 552.030.4 which provides that a written report or reports of such examination be filed with the clerk of the Court and that the clerk shall deliver copies of the report or reports to the Circuit Attorney and to the accused or his counsel.

On September 19, relator's motion was heard in Division 16, of the 22nd Judicial Circuit in front of the Honorable Richard J. Mehan, the respondent in the action. Respondent denied relator's motion but later set aside the order denying the motion. Respondent subsequently notified relator of his intent to deny relator's first amended motion for Appointment of a Psychiatrist for the reason that the prayer of that motion requests that the Court restrict the delivery of the confidential written report of the psychiatrist to the attorney for defendant.[2]

On December 14, 1979, the Court of Appeals granted relator's petition for a Writ of Prohibition. Respondent filed a Return to the Writ of Prohibition of December 27, 1979."

Relator challenges the order of the trial court on the basis that the order denying him a confidential psychiatric report denies him his constitutional rights contrary to (1) the equal protection clause, (2) the due process clause, (3) the assistance of counsel clause and (4) the self-incrimination clause.

Respondent has raised a question concerning our jurisdiction on the basis that the relator is challenging the constitutional-

---

1. That portion of the sentence following "and" is a legal conclusion and not a fact statement and we are not bound by it.

2. The court did indicate its willingness to grant a psychiatric examination in accord with the provisions of the statute.

ity of Sec. 552.030.4,[3] and jurisdiction is therefore vested in the Supreme Court. The Constitution of Missouri gives exclusive *appellate* jurisdiction to the Supreme Court in all cases involving the validity of a statute of this State. Mo.Const., Art. V, Sec. 3. We have concurrent jurisdiction with that court on original remedial writs. Mo. Const., Art. V, Sec. 4. This case involves an original remedial writ and we have jurisdiction even though resolution of that writ may require a determination of the validity of a statute. *State ex rel. Campbell v. Anderson*, 536 S.W.2d 200 (Mo.App.1976); *State ex rel. City of Mansfield v. Crain*, 301 S.W.2d 415 (Mo.App.1957).

The thrust of relator's position is that the statutory provisions of 552.030 require that the psychiatric examination ordered under that section be reduced to a written report, that the report be filed with the clerk of the court, and that the report be delivered to defense counsel and the prosecutor. Relator contends that this non-confidential report effectively precludes him from having a psychiatrist appointed at state expense to examine relator to determine whether he *should assert a defense* based upon mental disease or defect excluding responsibility. This he contends denies him constitutional rights available to non-indigent defendants contrary to *Griffin v. Illinois*, 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891 (1956). We need not reach these constitutional claims for we have concluded that relator has misunderstood the purpose and scope of Sec. 552.030.

That section is applicable only to a situation in which the defendant has pleaded the defense of mental disease or defect or given notice that he intends to rely upon that defense. *Stroder v. State*, 522 S.W.2d 77 (Mo.App.1975) [10–13]. Relator's motion for psychiatric examination contained specific notification of his intent to rely on the defense. When the defense has been invoked, the court, upon motion of either the defense *or the prosecution*, is required to appoint one or more private physicians to examine defendant or direct an examination by a physician designated by the superintendent of a state mental health facility. A report of this examination must be filed with the clerk and furnished to both defendant and the prosecution. Within five days of the filing of the report, both the state and defendant are entitled to request and have granted another examination by a physician of its or his choosing at its or his expense.

■ We view the provisions for psychiatric examination after invocation of the defense as essentially a statutory provision for a neutral expert, available equally to both defense and prosecution. It is available to all defendants as a matter of right whether indigent or not,[4] once they have asserted their intention to rely upon the defense of mental disease or defect excluding responsibility. Once that defense has been asserted, the prosecution may also demand such an examination as a part of its preparation.[5] By invoking the defense, the defendant subjects himself to the statutory proceedings.

■ Relator sought to invoke the provisions of the statute but to restrict the application of it on the basis that he needs to use the statute for a different purpose than that for which it was intended. He asserts that only through the use of 552.030 can he obtain a psychiatric examination to determine whether he should invoke the defense. We disagree with this premise. We will not attempt to pass upon or delineate the circumstances, the methods or procedures by which an indigent defendant can seek expert assistance in ascertaining the availability of a defense.[6] That problem is not now before us. We hold here that the action of

---

3. All statutory references are to R.S.Mo. 1978.

4. *See* Sec. 552.080 and Chapter 550 concerning costs and fees.

5. See Rules 25.05 and 25.06 which provide for limited discovery of defendant's psychiatric examinations and mental condition.

6. *See*, in this connection Sec. 600.040 and 600.-150 and *State v. Chapman*, 365 S.W.2d 551 (Mo.1963) [2].

the respondent was proper under the statute and that the relief sought by relator and the constitutional infringements alleged arise solely from an attempt to utilize the statute for purposes for which it is, by its express language, not available. The claimed violations of relator's constitutional rights do not arise from the provisions of the statute but rather from an alleged unavailability of an expert to assist in determining whether Sec. 552.030 should be invoked at all.

Our preliminary writ of prohibition is quashed. Relator's motion for judgment on the pleadings is denied.

SATZ and SIMON, JJ., concur.