STATE of Missouri, ex rel., Richard L. ELLIS, Relator,

v.

Honorable Charles R. SCHROEDER, Judge, Division One, Circuit Court of St. Charles County, Respondent.

No. 47450.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 22, 1983.

Motion For Rehearing and/or Transfer to Supreme Court Denied Jan. 12, 1984.

David Eric Sowers, St. Charles, for relator.

David Alan Smith, St. Louis, for respondent.

KAROHL, Presiding Judge.

This is an original proceeding in prohibition to prevent respondent circuit judge from enforcing an order entered in a civil case now pending in the circuit court of St. Charles County, entitled *Sheila D. Lourance v. James P. Trescott,* Cause No. CV182–173CC. The order directed against relator, who is not a party to the underlying suit, sustained plaintiff's motion for sanctions for failure to appear for a deposition. Relator contends that respondent had no authority to issue the order as the subpoena commanding him to attend the deposition was

not validly issued. We make our preliminary writ of prohibition absolute.

On January 18, 1983, Lee Elliot, an attorney for Lourance, acting as a notary, prepared a notarial subpoena, commanding relator to appear at the offices of plaintiff's attorneys on February 2, 1983 to testify by deposition. Plaintiff had alleged that relator was a witness to the events leading to her suit against defendant for assault and battery. The attorney served the subpoena on relator the next day. Sometime after January 19, 1983 and before February 2, 1983, plaintiff retained Dennis J. Jaeger, a certified court reporter, to transcribe the deposition. Relator failed to appear on February 2, 1983 for the deposition.

Plaintiff's counsel immediately sent a certified letter to relator, notifying him that plaintiff would file a motion in the underlying suit to cite relator for contempt, to request an order of body attachment and to charge all of the expenses of the missed deposition to relator. The next day, February 3, 1983, plaintiff filed such a motion, requesting $350.00 for expenses as a result of relator's failure to appear. Plaintiff cited Rule 57.09(e) as authority for the contempt request, and § 491.100 RSMo 1978 as authority for a body attachment to compel attendance at a deposition.

On February 18, 1983, the Honorable Donald E. Dalton, a circuit court judge of St. Charles County ordered a writ of body attachment commanding the sheriff of relator's county of residence, to attach relator and produce him at plaintiff's counsel's office on March 2, 1983 for deposition. The order set a bond of $1000 with the condition that relator attend the deposition. Judge Dalton also entered a show cause order commanding relator to appear on March 7, 1983 to show cause why he should not be held in contempt for failure to obey the subpoena.

On March 2, 1983, the writ of body attachment and show cause order were executed and delivered. Subsequently, relator was released upon posting a $200 bond, on the condition that he would appear and give the requested deposition.

Relator filed a motion with respondent on March 3, 1983, seeking to quash plaintiff's motion for sanctions. Relator's motion alleged that the notarial subpoena was completely void, and that the only remedy available against a witness who is not a party and who has failed to appear for a deposition is a citation for contempt followed by notice and hearing under Rule 57.09(e).

On March 10, 1983, relator appeared and gave the requested deposition. Relator then filed a motion for release of bond setting forth that the deposition had been given and that the condition of the bond had been satisfied.

Counsel for both parties presented to respondent a stipulation of facts on June 7, 1983. On June 20, 1983, respondent issued an order sustaining plaintiff's motion for sanctions. Relator was ordered to pay plaintiff $300 for attorney's fees and $50.00 in costs by July 1, 1983. Upon payment of the fees and costs to plaintiff, relator's bond would be ordered released and discharged. It is from this order that relator brought this writ of prohibition.

Prohibition is a means of restraint on judicial personnel to prevent usurpation of judicial power, and its essential function is to confine subordinate courts to their proper jurisdiction and to prevent them from acting without or in excess of their jurisdiction. *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138, 145 (Mo.App.1969). It is preventive in nature rather than corrective. The writ issues to restrain the commission of a future act and not to undo one that has already been committed. *State ex rel. Ellis v. Creech*, 364 Mo. 92, 259 S.W.2d 372, 375 (banc 1953). Prohibition is not to be granted except where usurpation of jurisdiction or an act in excess of jurisdiction is clearly evident, *State ex rel. McCarter v. Craig*, 328 S.W.2d 589, 591 (Mo. banc 1959), and it will not lie for grievances which may be adequately redressed in the ordinary course of judicial proceedings. *State ex rel. Westfall v. Gerhard*, 642 S.W.2d 679, 681 (Mo.App. 1982). Prohibition cannot be used as a sub-

stitute for appeal. *State ex rel. Jim Walter Plastics v. Sihnhold,* 629 S.W.2d 668, 669 (Mo.App.1982). Here, relator is not a party to the underlying cause of action and has no adequate legal remedy by appeal.

■ Respondent contends, however, that the preliminary order in prohibition should be dismissed for relator's failure to include suggestions in support of the writ of prohibition with the petition for the writ, as required under Rule 97.03. While in most cases, relief should and will be denied for failure to file suggestions in support of the writ, whenever in the court's judgment "the procedure heretofore required would defeat the purpose of the writ, the court may dispense with such portions of the procedure as is necessary in the interests of justice." Rule 84.24. Further, where as here, the writ has been issued, briefed and argued, the court may in a proper case elect to decide the matter on the merits. *See State ex rel. McClellan v. Kirkpatrick,* 504 S.W.2d 83, 85 n. 1 (Mo. banc 1974); *State ex rel. St. Joseph Light & Power Co. v. Donelson,* 631 S.W.2d 887, 892 (Mo.App.1982). We exercise that discretion here to determine the writ on its merits, mindful of relator's lack of an adequate remedy by appeal.

Relator argues that he should not have been ordered to pay plaintiff's attorney's fees and costs as he was not properly subpoenaed to attend the deposition. Rule 57.-09, governing subpoenas for taking depositions, states that, "Every subpoena shall be issued by the officer or person before whom depositions may be taken as designated in Rule 57.05 or 57.06 or by the clerk of the court in which the civil action is pending .... " Rule 57.05 provides that "depositions shall be taken before an officer authorized by the laws of this State to administer oaths, or before a person appointed by the court in which the action is pending." Rule 57.06 involves commissioners appointed by a court to preside at the taking of depositions. Relator argues that the subpoena was not issued by the clerk of the court or by "the person before whom depositions may be taken."

■ Clearly, the certified court reporter, Dennis J. Jaeger was the person before whom the deposition was to be taken. Jaeger would have been the person required under § 492.350 to append a certificate to the deposition as the officer "by or before whom the same shall be taken .... " Elliot, an attorney employed by plaintiff, was not authorized to issue the subpoena under Rule 57.09 under the facts here. Indeed, he could be considered an attorney of one of the parties and would be disqualified from taking the deposition under Rule 57.05(d). *See Redmond v. Quincy, O. & K.C.R. Co.,* 225 Mo. 721, 126 S.W. 159, 162–63 (1909); *Empire Dist. Electric Co. v. Johnston,* 241 Mo.App. 759, 268 S.W.2d 78, 80 (1954); *Swink v. Anthony,* 96 Mo.App. 420, 70 S.W. 272, 273 (1902). We believe that the "notarial" subpoena issued here was void.

■ Respondent argues that the subpoena was validly issued under § 491.090. Section 491.090 does not apply here, however. That section provides that "some notary public" of the county where the trial will be held may issue a summons "[i]n all cases where witnesses are required to attend *the trial* in any cause .... " (emphasis added). This section, as well as most of Chapter 491,[1] applies only to witnesses at trial, not at depositions. Chapter 492 deals specifically with depositions, as does Rule 57.09. The provisions of Rule 57.09 are controlling here.

■ Respondent contends that relator waived any objection to the subpoena under

---

1. Several sections in Chapter 491 may apply to witnesses at depositions. Section 491.180 relates to a *party's* refusal to attend and testify at deposition. Section 491.200 applies to a person who attends a deposition and refuses to give evidence. Another provision, § 491.150 arguably applies to failure to attend depositions, as it may be related to § 492.270. Section 492.270 states that persons required to take depositions have the power to compel a witness' attendance "in the same manner and under like penalties as any court of record in this state." The court's power to compel attendance is contained in § 491.150, allowing body attachments.

Rule 57.07(d)(1) and (2). These rules govern only the time for objecting to the actual notice for taking a deposition and to the disqualification of the officer before whom the deposition is to be taken. The rules do not apply to objections to the validity of the subpoena itself. Relator objected to the validity of the subpoena in his motion to quash sanctions on March 3, 1983.

As the original subpoena was invalid, respondent had no authority to order relator to pay fees and costs under § 491.140.[2] The order of body attachment is not presently before us, and in any case relator has completed the only condition of the attachment bond by attending and testifying at deposition.

 We note that Rule 57.09(e) provides a specific remedy for a party seeking to compel attendance at a deposition. A person failing to obey a subpoena served upon him may be held in contempt of court. Although relator termed the present proceedings as contempt proceedings, and plaintiff's original motion was for contempt, the trial court purported to act under § 491.150 and § 491.140, and not contempt. No show cause hearing for contempt was held, nor was relator formally held in contempt. In an original proceeding in prohibition, we are not completely circumscribed by the prayer in relator's petition. *State ex rel. Carver v. Whipple,* 608 S.W.2d 410, 412 (Mo. banc 1980).

 Finally, respondent argues that the preliminary writ should be quashed because it seeks to correct a past act rather than prevent a future event. *State ex rel. Ellis v. Creech,* 259 S.W.2d at 375. There is a future event pending, however, as relator will forfeit his bond unless he pays plaintiff $350 under the motion for sanctions. Relator remains subject to efforts to collect the fees and costs for refusal to obey a void subpoena under an unauthorized order. As

prohibition will lie to prevent a court from enforcing obedience to or ordering compliance with an improper subpoena, *State ex rel. State Farm Mutual Auto. Insurance Co. v. Keet,* 601 S.W.2d 669, 671 (Mo.App.1980); *St. Louis-San Francisco Ry. Co. v. Mayor's Commission on Human Rights and Community Relations,* 572 S.W.2d 492, 494 (Mo. App.1978), prohibition will also lie to prevent a court from ordering sanctions for refusal to obey an invalid subpoena. *See also State ex rel. Kramer v. Carroll,* 309 S.W.2d 654, 657 (Mo.App.1958).

 Our preliminary writ of prohibition is made absolute. Respondent is ordered to discharge relator on his bond.

KELLY and CRIST, JJ., concur.

---

**2.** Section 491.140 provides that when a witness who has been summoned fails to appear, the witness "shall be liable to the action of the party for all damages sustained by the nonattendance, unless he shows sufficient cause to justify such absence." We need not decide whether this section applies to failure to attend depositions as the invalid subpoena, in any case would have been sufficient cause for nonattendance. We also need not decide whether this section mandates a separate action for damages or whether the party can request damages in a motion pending in the original action.