STATE of Missouri ex rel. Billie Jean WHITE, Trustee, Fiocchi of America, Inc., Mary Cynthia Neale, Gary Bingham and Helen Deke, Relators,

v.

Honorable James EIFFERT, as Judge of the Circuit Court of Christian County, Missouri, Respondent.

No. 16157.

Missouri Court of Appeals, Southern District, Division Two.

July 17, 1989.

---

George M. Johnson, Stockard, Andereck, Hauck, Sharp & Evans, Springfield, for relators.

Rex C. McCall, Springfield, for respondent.

HOGAN, Judge.

This is an original proceeding in prohibition wherein the relators sought to prohibit the respondent, as Judge of the Circuit Court of Christian County, from adjudicating a condemnation proceeding instituted by the City of Springfield, Missouri, a constitutional charter city (hereinafter the City). The action was commenced against the respondent judge and his predecessor in office, Honorable James C. Crouch. Judge Crouch retired as Judge of the Circuit Court of Christian County, and Judge Eiffert was automatically substituted as respondent under the provisions of Rule 52.13(d), V.A.M.R.[1] We may further orient

the parties and perhaps clarify the opinion by noting: 1) that the proceeding was originally instituted in the alternative as an application for an alternative writ of mandamus or a preliminary writ of prohibition. Such an alternative application is permissible in some circumstances, see *State ex rel. Boll v. Weinstein*, 365 Mo. 1179, 295 S.W.2d 62 (banc 1956), but despite the confusing language of the preliminary order, this court took and considered the application as a petition for a writ of prohibition and the cause is now solely before the court as such a proceeding; 2) we take jurisdiction of the cause as an original proceeding, and our jurisdiction is concurrent with that of the Supreme Court. Mo. Const. Art. V, § 4; *State ex rel. Jordon v. Mehan*, 597 S.W.2d 724, 725–26[1] (Mo.App. 1980); *State ex rel. City of Mansfield v. Crain*, 301 S.W.2d 415, 418[2] (Mo.App. 1957).

The City filed a petition in condemnation in the Circuit Court of Christian County, averring that it is a constitutional charter city, that it owns and operates facilities for the generation, transmission and distribution of electricity, water and natural gas, and that it has the right to exercise the power of eminent domain pursuant to the terms of its charter. It was further alleged that the defendants are individuals or corporations owning or claiming some interest in the lands sought to be condemned.

The City averred that it proposes to construct, operate and maintain overhead electrical lines extending from its James River Power Station in Greene County to its existing Clay Substation along the following courses and distances:

"[F]rom City Utilities' James River Power Station in Greene County, Missouri, generally south to a point approximately ½ mile south of the Greene and Christian County line, then generally east to a point approximately ¼ mile east of U.S. 65 Highway, then generally north to a point approximately ¼ mile south of the Greene and Christian County line, then

---

1. References to statutes and rules are to RSMo 1986 and V.A.M.R., except where otherwise noted.

generally east approximately 1 mile, then generally north to a point approximately ½ mile north of U.S. 60 Highway, then generally northwest to U.S. 65 Highway, then generally north to City Utilities' existing Clay Substation in Greene County...."

Further allegations of the petition indicate that the City proposes to condemn an easement across the relators' land such as to permit it to maintain high voltage transmission lines over and across the relators' property. The relators filed a motion to dismiss upon the ground that the petition failed to state a claim upon which relief could be granted. The motion was granted; the City amended its petition (it had originally sought to condemn even more extensive easements) and the trial court entered an "order of condemnation" and an order appointing commissioners. Thereafter this proceeding for original remedial relief was commenced in this court. We conclude that on the facts presented, our preliminary rule was improvidently granted and should be quashed.

■ Preliminarily, we note that the City has complained that the relators have not complied with the procedural rules governing proceedings in prohibition. We agree. The petition does not contain the "statement of facts" contemplated by Rule 97.03; for the most part it is composed of conclusional allegations. Little or no effort has been made to furnish the court with copies of those documents "essential to an understanding of the matters set forth in the petition" as required by the same rule. Nevertheless, the preliminary writ has issued, the case has been briefed and submitted and this court may elect to decide the case on its merits even though the proper procedure has not been followed. *State ex rel. McClellan v. Kirkpatrick,* 504 S.W.2d 83, 85, n. 1 (Mo.banc 1974); *State ex rel. Ellis v. Schroeder,* 663 S.W.2d 766, 769 (Mo.App.1983); *State ex rel. St. Joseph Light & Power Company v. Donelson,* 631 S.W.2d 887, 892 (Mo.App.1982). In the exercise of discretion, we have undertaken to decide the case on its merits.

The relators argue that for three reasons, the Circuit Court of Christian County acted without jurisdiction or in excess of its jurisdiction. They maintain that the City has no authority to condemn property located outside the limits of the county in which it is located. To support this proposition, the relators cite § 82.240, *State ex rel. Schwab v. Riley,* 417 S.W.2d 1 (Mo. banc 1967), and an Opinion of the Attorney General of Missouri dated November 21, 1967.

Bolstering their first argument, the relators concede that that part of the land involved which lies in Christian County has been annexed to the City by ordinance, but they assert that the annexation "was not properly done in compliance with the laws of the State of Missouri and the charter of Springfield, and therefore creates no presence of the City of Springfield, in Christian County, Missouri." We are cited to § 71.012, § 71.015, § 2.16(18) of the City's charter and *Gates v. City of Springfield,* 744 S.W.2d 487 (Mo.App.1988).

As a third contention, the relators maintain the City "failed to prove that an offer had been made to Relators Gary Bingham and Mary Cynthia Neale for their property as required by law." We are cited to *State ex rel. State Highway Commission v. Dockery,* 300 S.W.2d 444 (Mo.1957). We shall address each contention briefly.

We first consider the relators' argument that the City has no authority to condemn land outside Greene County for the purpose of erecting and maintaining high-line transmission facilities.

In its charter, the City purports to confer extensive powers of eminent domain upon its Board of Public Utilities. Article XVI, Section 18 of the City's charter provides:

"The board of public utilities shall have the right of eminent domain to the same extent and to be exercised in the name of the city in the same manner as is now or may hereafter be granted by the statutes of Missouri to any privately owned utility."

Section 82.240, which applies to constitutional charter cities, reads as follows:

"It shall be lawful for any such city to make provision in its charter, or by amendment thereof, to acquire and hold by gift, devise, purchase or by the exercise of the power of eminent domain by condemnation proceedings, lands for public use, either within the corporate boundaries of such city *or outside of such corporate boundaries, and within the territorial limits of the county in which such city may be situated,* for public parks, cemeteries, penal institutions, hospitals, rights-of-way for sewers, or for any other public purpose, and to provide for managing, controlling and policing the same." (Emphasis ours.)

We do not undertake to discuss the effect of Mo. Const. Art. VI, § 19(a) beyond noting what was said in *Cape Motor Lodge v. City of Cape Girardeau,* 706 S.W.2d 208, 211 (Mo.banc 1986):

"Under section 19(a), the emphasis no longer is whether a home rule city has the authority to exercise the power involved; the emphasis is whether the exercise of that power conflicts with the Missouri Constitution, state statutes or the charter itself. *Conflicts between local enactments and state law provisions are matters of statutory construction. Once a determination of conflict between a constitutional or statutory provision and a charter or ordinance provision is made, the state law provision controls.* (Citations omitted)." (Emphasis added.)

The court went on to address possible limitations on powers granted to constitutional charter cities by those statutes which constitute grants of power. The court suggested, as we read the opinion, that a determination should be made whether the statute acts as both an authorization and a limitation upon the charter city's power to act. *Cape Motor Lodge v. City of Cape Girardeau,* 706 S.W.2d at 212[4][5].

By any standard proposed since Mo. Const. Art. VI, § 19(a) was amended in 1971, Article XVI, Section 18 of the City's charter is in conflict with the provisions of § 82.240. The charter allows the City to exercise the power of eminent domain without regard to the political subdivision in which the land to be condemned is located. When everyday rules of statutory construction are applied to § 82.240, the words "and within the territorial limits of the county in which such city may be situated" clearly qualify the last antecedent phrase, which is "or outside of such corporate boundaries." *Bartley v. Special School District of St. Louis County,* 649 S.W.2d 864, 869 (Mo. banc 1983); *Citizens Bank & Trust v. Director of Revenue,* 639 S.W.2d 833, 835[4] (Mo.1982). Any local enactment or resolution approving the construction of high-line transmission facilities outside Greene County would clearly permit what the statute prohibits. Section 82.240 limits the City's power to construct transmission lines outside Greene County.

Nevertheless, such conclusions, assuming they are sound, do not dispose of the cause on its merits. Section 82.240 clearly permits a constitutional charter city to exercise the power of eminent domain in any county which is within the City's corporate boundary. If the parcel sought to be condemned has been validly annexed to the City, then the condemnation which is the subject of this action is not objectionable as being in violation of § 82.240. The relators argue that although the City attempted to annex land in Christian County, that attempted annexation was invalid because it was "not properly done in compliance with the laws of the State of Missouri and the charter of Springfield."

The pleadings and exhibits before us establish that the City purported to annex land east and south of the city limits by ordinance and as we understand the record, this annexation includes the land the City now seeks to condemn. The ordinance, numbered General Ordinance 3840, purports to annex the property, or at least part of the property the City would condemn by the "petition" method of annexation authorized by § 71.012. The City's charter, Section 2.16(18), reads thus:

"Annexation and disannexation. Extend or diminish the limits of the city by ordinance subject to the approval of a majority of the qualified voters of the

city voting thereon in any general or special election."

The ordinance does not refer to any election. Indeed, Section 4 thereof provides it shall be in force and effect 10 days after its passage. Nevertheless, neither the ordinance nor any of the papers laid before us show that the annexation was never submitted to a vote. Further, and although it is unnecessary to determine whether § 71.012 applies to constitutional charter cities, the language of that statute which with narrow exceptions elsewhere enumerated applies in terms to *any* city, town or village may apply to the City as a statute which, read together with § 71.015, the Sawyers Act, addresses matters of "statewide concern." If so, § 71.012 and § 71.015 would supersede the provisions of § 2.16(18) of the City's charter. See *School District of Kansas City v. Kansas City*, 382 S.W.2d 688, 692–93[3] (Mo.banc 1964). However, it is unnecessary to decide, as we have just said, whether the provisions of § 71.012 and Section 2.16(18) of the City's charter are in conflict.

 We are unwilling to hold, on the record presented, that the City's annexation of contiguous land in Christian County is invalid. It is within the City's power to annex contiguous territory, even though that territory lies in another county, *State ex inf. Taylor v. North Kansas City*, 360 Mo. 374, 397, 228 S.W.2d 762, 773–74[13, 14] (banc 1950); *Schildnecht v. City of Joplin*, 226 Mo.App. 47, 55–56, 41 S.W.2d 590, 595 (1931), and an ordinance is favored with a presumption that it has been validly enacted. *Reis v. Metropolitan St. Louis Sewer District*, 373 S.W.2d 22, 27 (Mo. 1963); *Briggs v. Baker*, 631 S.W.2d 948, 953 (Mo.App.1982); *Marks v. Bettendorf's, Inc.*, 337 S.W.2d 585, 590 (Mo.App.1960). The record is sufficient to show a valid de facto annexation by the City, and usually prohibition will not be granted except when usurpation of jurisdiction or an act in excess of jurisdiction is clearly evident. *State ex rel. Tarrasch v. Crow*, 622 S.W.2d 928, 937 (Mo.banc 1981); *State ex rel. Eggers v. Enright*, 609 S.W.2d 381, 382 (Mo. banc 1981). Here we have only the conclusional allegation in Paragraph 5(b) of the petition that "[a]n attempted annexation of land in Christian County by the City of Springfield was not properly done in compliance with the laws of the State of Missouri and the charter of Springfield, and therefore creates no presence of the City of Springfield in Christian County, Missouri." That allegation is specifically denied in the respondent's answer. On the record presented, the presumption of regularity which attaches to the City's ordinance has not been overcome; the respondent's usurpation of jurisdiction or act in excess of his jurisdiction is not clearly evident. The relators right to a permanent order in prohibition has not been established.

 The relators also contend that in the condemnation proceedings the City failed to prove that an offer of compensation had been made for the relators' property. It is well settled that allegation and proof that the condemnor and property owners have been unable to agree on compensation to be paid for the property being taken is jurisdictional. *State ex rel. Weatherby Advertising v. Conley*, 527 S.W.2d 334, 336[1] (Mo.1975). However, in this case, the City's amended petition in condemnation contained the following allegations:

"4. Plaintiff has been unable to agree with defendants what the proper compensation should be paid to them for the easement rights sought to be acquired, notwithstanding its good faith efforts to do so, and has been unable to acquire by contract or deed the easement rights necessary for its purpose.

5. Plaintiff states that it has met with defendants or their representatives and has made good faith offers to purchase the necessary interests therein for a fixed price in dollars, but said offers have been rejected."

In our view, these allegations satisfy the pleading requirements referred to in *State ex rel. Weatherby Advertising v. Conley*, 527 S.W.2d at 336–37. Further, in his answer to the petition for prohibition, the respondent alleged that the relators refused all offers by the City to purchase the

easements and even indicated they were unwilling to sell the easements at any price. Respondent's Exhibit "E" is a letter from the City to the relators which supports the allegation that an offer was made and refused. No responsive pleading was filed controverting the allegations of the answer and therefore they stand admitted. *State ex rel. Reeves v. Brady,* 303 S.W.2d 22, 23 (Mo.banc 1957). Further, the record before this court contains no transcript of the condemnation proceedings, from which we would be able to ascertain whether or not it had been proved that the City negotiated with the relators. Here again we cannot say that the respondent's usurpation of jurisdiction or any act in excess of his jurisdiction is clearly evident, and the argument is without merit.

The relators' final point is that this is a proper case for prohibition. Were the respondent clearly acting in excess of his jurisdiction or without jurisdiction, we could agree. We conclude, however, that the relators have established no grounds warranting the issuance of a permanent writ of prohibition. Our preliminary writ was improvidently issued, and accordingly it is quashed. The trial court is ordered to proceed without let or hindrance on account of our preliminary order.

PREWITT, Acting P.J., and MAUS, J., concur.