The Honorable Thomas Macdonnell Representative, District 140 State Capitol Building, Room 134 Jefferson City, MO 65101
Dear Representative Macdonnell:
This opinion is in response to your question asking:
 May a city-owned and operated utility take, by power of eminent domain, land in a county other than the county where the city is located to dam up a river to form a water reservoir as a source of water supply for the city?
We understand your question relates to the City of Springfield, a constitutional charter city under Article VI, Section 19 of the Missouri Constitution. Section 82.240, RSMo 1986, which is the general provision authorizing constitutional charter cities to exercise the power of eminent domain, allows constitutional charter cities to condemn lands outside the corporate boundaries of the city but only within the territorial limits of the county in which the city is situated. Such section provides:
 82.240. Parks, cemeteries may be provided for. — It shall be lawful for any such city to make provision in its charter, or by amendment thereof, to acquire and hold by gift, devise, purchase or by the exercise of the power of eminent domain by condemnation proceedings, lands for public use, either within the corporate boundaries of such city or outside of such corporate boundaries, and within the territorial limits of the county in which such city may be situated, for public parks, cemeteries, penal institutions, hospitals, rights-of-way for sewers, or for any other public purpose, and to provide for managing, controlling and policing the same.
On its face, Section 82.240 does not authorize a constitutional charter city to condemn lands in a county other than the county where the city is located. State ex rel. White v. Eiffert,774 S.W.2d 152 (Mo.App. 1989).
However, Section 91.600, RSMo 1986, provides in pertinent part:
 91.600. Waterworks property, how acquired — may issue bonds, make contracts (certain cities). — Every city organized and existing under the provisions of section 16 of article IX of the Constitution of Missouri of 1875, or section 19 of article VI of the Constitution of Missouri of 1945, shall have the right and power to construct, maintain and operate waterworks to supply the city and all persons and parties therein with water and may for such purpose, take, hold, use and dispose of real estate and personal property whether within or outside of the city, or whether within or outside of the state of Missouri, necessary to accomplish such object. It may acquire such property by purchase, donation or an exercise of the power of eminent domain, and may do whatever may be necessary to the exercise of the powers herein granted. . . .
Section 91.600 is a much broader grant of authority than Section 82.240 and authorizes constitutional charter cities to condemn lands in counties other than the county in which the city is located for purposes of construction, maintenance and operation of waterworks. The construction of a dam across a river to create a reservoir as a source of water supply for the city would be the construction, maintenance or operation of a waterworks under Section 91.600. Roberts v. City ofMaryville, 750 S.W.2d 69 (Mo. banc 1988). In State ex rel.White v. Eiffert, supra, the court indicated that Section 82.240 would prohibit the City of Springfield from condemning lands in counties other than the county in which that city is located. That case, however, dealt with the taking of lands for purposes of constructing and maintaining electric power lines, not with the construction and maintenance of waterworks.
In determining the extent of authority granted to constitutional charter cities by Section 91.600, it is important to note Section 250.240, RSMo 1986, which provides:
 250.240. Purposes of law. — It is the purpose of this chapter to enable cities, towns and villages and sewer districts to protect the public health and welfare by preventing or abating the pollution of water and creating means for supplying wholesome water, and to these ends every such municipality and sewer district shall have the power to do all things necessary or convenient to carry out such purpose, in addition to the powers conferred in this chapter. This chapter is remedial in nature and the powers hereby granted shall be liberally construed.
When one statute deals with a subject in general terms and another deals with a part of the same subject in a more definite way, the two should be read together and harmonized, if possible, but to the extent of repugnancy between them the special will prevail over the general statute. Laughlin v.Forgrave 432 S.W.2d 308, 313 (Mo. banc 1968). Section 91.600
specifically deals with the construction, maintenance and operation of waterworks and does not limit the exercise of the power of eminent domain to the territorial limits of the county in which the city is situated. Section 82.240 is a general statute dealing with the authority of the city to condemn or otherwise acquire and hold lands for public purposes. Waterworks is not specifically mentioned in Section 82.240. To limit the authority of a constitutional charter city to condemn lands for waterworks purposes only to lands within the county where the city is situated would be adding a restriction to Section 91.600 which is not there. Also, when the General Assembly has geographically limited the power of cities to condemn lands for waterworks purposes it has done so specifically. See Sections 77.530 and 79.380, RSMo 1986.
Section 250.240 evidences the intent of the General Assembly to allow cities to have all the power necessary or convenient, in addition to powers granted by Chapter 250, RSMo, for supplying water. Interpreting a limitation into Section 91.600 that is not found within that section would be inconsistent with the General Assembly's intent to provide cities with the means to obtain water as evidenced by Section 250.240.
Based on the discussion above, it is our opinion that the geographic limitation regarding a constitutional charter city's authority to condemn lands found in Section 82.240 does not apply to the authority of a constitutional charter city to condemn lands pursuant to Section 91.600 for the construction, maintenance and operation of waterworks to supply the city with water.
CONCLUSION
It is the opinion of this office that a constitutional charter city pursuant to Section 91.600, RSMo 1986, may acquire lands by the power of eminent domain in a county other than the county where the city is situated to dam up a river to form a water reservoir as a source of water supply for the city.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General