**BRUSH v. HARKINS (three cases).**

Nos. 924–926.

United States District Court
S. D. Missouri, W. D.

Jan. 25, 1950.

See also 9 F.R.D. 604.

682

Theodore Beezley, Springfield, Mo., for plaintiffs.

Wm. P. Sanford, Miller & Fairman, Springfield, Mo., for defendant.

REEVES, District Judge.

By a subpoena dated January 5, 1950, and issued at the instance of defendant, one of the attorneys for the plaintiffs was commanded to "bring with you all papers, reports, statements of witnesses, diagrams of scene of accident, accident reports, correspondence, made or taken by him or written by him or to him and pertaining to an accident occurring October 5, 1949."

This subpoena duces tecum was called for and issued pursuant to Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A. This rule has been amended so as to make it subject to the provisions of Rule 26 and Rule 30 of the Federal Rules of Civil Procedure, and furthermore, subject to "subdivision (b) of this Rule 45."

1. It is obvious from an examination of the rule, as amended, that it was designed to put limitations upon the use of the rule as in this case. Since the deponent is one of the attorneys for the plaintiff in the case, the matter called for would be a clear invasion, not only of his privileges as an attorney, but would be out of harmony with the case of Hickman v. Taylor, 329 U.S. 495, loc. cit. 510, 67 S.Ct. 385, 393, 91 L.Ed. 451, where the court said: "Here is simply an attempt, without purported necessity or justification, to secure written statements, private memoranda and personal recollections prepared or formed by an adverse party's counsel in the course of his legal duties. *As such, it falls outside the arena of discovery and contravenes the public policy underlying the orderly prosecution and defense of legal claims. Not even the most liberal of discovery theories can justify unwarranted inquiries into the files and the mental impressions of an attorney.*" (Emphasis mine.)

2. It is not contemplated by the decisions in any case that a lawyer, as an attorney in a case, might be called to give testimony against his client. This would not only violate the privilege protecting the relationship of attorney and client but, as said by the court in the Hickman case, supra, it would contravene public policy.

3. It would be permissible for counsel to file a motion for the production of photographs which might illustrate the appearance of conditions at the scene of the accident but it is doubtful if counsel should be required to produce "diagrams of scene of accident" for the reason that these are drawings designed to illustrate counsel's notion of the accident, and would not in any way reflect or illustrate the testimony of witnesses. Moreover, adversary counsel could prepare his own diagrams.

The matter called for by the subpoena does not fall within Rule 34 which authorizes the production of "* * * letters, photographs, objects, or tangible things, not privileged * * *."

The motion to quash the subpoena should be and will be sustained.