W. Willard WIRTZ, Secretary of Labor, United States Department of Labor, Washington, District of Columbia, Plaintiff,

v.

LOCAL UNION 169, INTERNATIONAL HOD CARRIERS', BUILDING AND COMMON LABORERS' UNION OF AMERICA, AFL-CIO, an unincorporated association, Reno, Nevada, Defendant.

Civ. No. 1660.

United States District Court
D. Nevada.
Jan. 25, 1965.

(a) All signed and unsigned statements taken by Plaintiff from present or former members of Laborers' Local 169 relating to the above-entitled action by the Plaintiff.

(b) All reports and memoranda which were made by agents of the Plaintiff from June 1, 1963 to November 1, 1964, as a result of their investigations and interviews with present or former members of Laborers' Local 169.

(c) All reports and memoranda which were made by agents of the Plaintiff from June 1, 1963 to November 1, 1964, and which are a product of, or bear upon, investigation of this cause by the Plaintiff and which thus may be used by Defendant to inform itself as to whether or not the complaint of member Hail was timely filed with the Secretary of Labor and as to whether or not the complaint was unlawfully solicited by agents of Plaintiff.

Charles Donahue, Solicitor, James R. Beaird, Associate Solicitor, Altero D'Agostini, Regional Attorney, James F. Scott, Deputy Regional Atty., United States Department of Labor, Washington, D. C., John W. Bonner, U. S. Atty., Las Vegas, Nev., Merlyn H. Hoyt, Asst. U. S. Atty., Reno, Nev., for plaintiff.

Charles P. Scully, Victor Van Bourg, San Francisco, Cal., Marshall Bouvier, Reno, Nev., Robert J. Connerton, Washington, D. C., General Counsel, I.H.C., B. & C.L.U. of A., AFL–CIO, for defendant.

THOMPSON, District Judge.

Employees of the Office of Labor Management and Welfare Pension Reports, United States Department of Labor, have moved to quash a subpoena duces tecum requiring them to appear for deposition in San Francisco, California, on November 19 and 20, 1964, and to bring with them:

Defendant seeks the information in support of its defenses "that the complaint filed with the Secretary of Labor * * * was not timely filed", and "that the Complaint which was mailed by the Union member Hail to the Plaintiff * * * was unlawfully solicited by the Plaintiff." The subpoena, by its terms, seeks disclosure of a variety of statements, reports and memoranda whose relevance to any proper issue in the case is not readily apparent. Obviously, only complainant Hail's communications with the Department of Labor are relevant to the timeliness of the complaint allegedly filed by him under 29 U.S.C. § 482(a). A defense of unlawful solicitation has not been affirmatively pleaded, although it was alluded to in the pre-trial statement. The validity of any such defense is highly questionable. Mitchell v. Mitchell Truck Line, Inc. (5 CCA 1961), 286 F.2d 721.

■■ The Government says that the subpoena seeks documents and information calling for disclosure of informants' communications and information as to the internal operations of the United States Department of Labor, and that defendant has made no showing of good cause as required by Rule 34, read in pari materia with Rule 45. Without deciding the force of these arguments with respect to inspection of any particular document, it is the view of this Court that federal discovery processes are not intended to require such wholesale disclosure of government memoranda, reports, communications and statements as is contemplated under the terms of this subpoena. A subpoena duces tecum, under Rule 45, is not intended as a substitute for a motion to produce under Rule 34, where, as in this case, the subpoena requires production of documents under the control of plaintiff, as distinguished from documents in the possession and control of an independent witness.

It hereby is ordered that the subpoena duces tecum hereinabove identified be, and it hereby is, quashed.