**Samuel LEVE, Plaintiff,**

**v.**

**GENERAL MOTORS CORPORATION, Defendant.**

**No. 65 Civ. 2461.**

United States District Court
S. D. New York.

Nov. 2, 1967.

See also, D.C., 248 F.Supp. 344.

Joseph J. Einhorn, New York City, for plaintiff.

Edward B. Wallace, New York City, John J. Higgins, New York City, of counsel, for defendant.

MOTLEY, District Judge.

### Memorandum Decision and Order on Motion to Produce

This is an action by plaintiff to recover damages from General Motors (GM) by reason of GM's alleged appropriation and use of a concept which plaintiff had created and submitted to GM for its exhibit at the New York World's Fair. Suit was commenced in the Supreme Court, State of New York, County of New York, on July 26, 1965, and removed by defendant to this court on August 11, 1965. On the same day, defendant filed its answer.

Plaintiff has moved for an order, Rule 34, Fed.R.Civ.P., directing defendant to make available to plaintiff all statements taken by defendant's attorney from its employee, W. E. Hamilton, and its alleged agent, A. J. Greshler.[1]

Hamilton's position is executive assistant to the vice president in charge of the public relations staff of defendant. Hamilton has been charged by plaintiff with being the agent of defendant with whom plaintiff dealt in connection with the torts alleged in the complaints.

On November 22, 1966, plaintiff served on defendant a notice of taking Hamilton's deposition on December 20, 1966. Hamilton was unable to appear at the deposition due to his physical condition. The deposition was adjourned by stipulation until April 11, 1967.

On December 16, 1966, this case, having been pending more than one year, was called for review pursuant to Rule 23 of the General Rules of this court. Because of Hamilton's inability to appear for his deposition, the court adjourned the review of this case.

Thereafter, plaintiff unsuccessfully continued his efforts to take Hamilton's deposition. On May 17, 1967, the case was again called for review. The court was again advised of Hamilton's inability to testify. The court, thereafter, entered an order requiring completion of pretrial discovery within 120 days from the date of that order.

---

1. Since the statements are the attorney's, and in his possession, use of Rule 45 may have been more appropriate, cf. Thomas v. Nuss, 353 F.2d 257, 258 (6th Cir. 1965); Seven-Up Co. v. Get Up Corp., 30 F.R.D. 550, 551 (N.D.Ohio 1962). Since the parties have submitted briefs on the merits of discovery in relation to the documents, we treat the request for production as one properly before us.

Hamilton was interviewed by defendant's trial counsel and his answers to certain questions propounded to him by counsel have been reduced to a written statement. This statement is now sought by plaintiff. Defendant's counsel objects to giving Hamilton's statement to plaintiff despite Hamilton's continued physical inability to testify. Defendant's attorney asserts on its behalf the attorney-client privilege with respect to Hamilton's statement.

 Plaintiff contends that the statement is the work product of an attorney but that the situation is such that its production is justified, citing Hickman v. Taylor, 329 U.S. 495, 511, 67 S.Ct. 385, 91 L.Ed. 451 (1947). Were this the type of work product considered in Hickman v. Taylor, plaintiff would be citing authority in support of his position. However, Hamilton's statement is not the type of work product described in Hickman v. Taylor but an attorney-client communication and as such privileged from discovery. See generally, Colton v. United States, 306 F.2d 633 (2d Cir. 1962), cert. denied, 371 U.S. 951, 83 S.Ct. 505, 9 L.Ed.2d 499; United States v. United Shoe Machinery Corp., 89 F.Supp. 357 (D.Mass.1950); cf. Garrison v. General Motors Corp., 213 F. Supp. 515 (S.D.Calif.1963); Georgia-Pacific Plywood Co. v. United States Plywood Co., 18 F.R.D. 463 (S.D. N.Y.1956); McCormick, EVIDENCE (1954) p. 203. The grounds presented in Hickman v. Taylor which may be used to obviate the attorney work product privilege do not justify discovery of privileged attorney-client communications. The court in Hickman v. Taylor clearly indicates that the attorney's work product is distinct from communications falling within the attorney-client privilege. 329 U.S. at p. 508, 67 S.Ct. 385. There is no claim that the communication lacks any of the pre-

requisites of the attorney-client privilege or that the privilege has been waived. See United States v. United Shoe Machinery Corp., supra, 89 F.Supp. at 358 (D.Mass.1950). A communication by an executive employee of defendant to defendant's counsel in connection with suit brought against defendant is protected by the attorney-client privilege. See United States v. United Shoe Machinery Corp., supra, at 360; cf. Garrison v. General Motors Corp., supra. Rule 34, Fed. R.Civ.P. expressly excludes from discovery privileged matter.[2] Thus, because the notes on the Hamilton interview are privileged attorney-client communications, the motion to make them available must be denied.

 Greshler is the alleged agent of defendant. Plaintiff seeks the record of defendant's attorney's conversations with him. Greshler lives in California. Both sides agree that this document is the attorney's work product covered by Hickman v. Taylor, supra. The question is whether plaintiff has shown "good cause" for its production. Plaintiff urges "good cause" in that Greshler resides in California and is hostile to plaintiff. This is not a sufficient showing. See, Tandy and Allen Construction Co. v. Peerless Casualty Co., 20 F.R.D. 223 (S.D.N.Y.1957):

> For the "good cause" required by Rule 34 to exist, an adverse party seeking the production of statements obtained by an attorney from a prospective witness in anticipation of or preparation for suit, must show at least that the information sought is unavailable through other means. Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451; 4 Moore's Fed.Practice 1131 et seq. Here the information is available to plaintiff by oral examination of Miller. That Miller resides in Rochester, New York, and that he is

2. Privileged attorney-client communications are likewise not available under

Rule 45, Fed.R.Civ.P. See Brush v. Harkins, 9 F.R.D. 681 (S.D.Mo.1950).

likely to be hostile do indicate that plaintiff's task will not be simple, but do not make the work product of defendant's attorney available. (at 223).

See also, Herrick v. Barber Steamship Lines, Inc., 41 F.R.D. 51 (S.D.N.Y. 1966):

> As to the statement of the passenger, plaintiff clearly has not shown good cause. This witness is as available to plaintiff as to defendant, and the fact that she lives in Norway presents no insuperable obstacle to the taking of her deposition if plaintiff considers it necessary. (at 52).

Thus, plaintiff has failed to show "good cause" justifying production of Greshler's statement and that motion must be denied.

■ Plaintiff does have the right, however, to take the oral deposition of a party or witness before trial. Rule 26, Fed.R.Civ.P. By order of this court, plaintiff should have completed pretrial discovery on September 18, 1967. Prior to the expiration of that time, plaintiff filed the instant motion which, if granted, might have precluded the necessity for oral depositions. The denial of the motion means that plaintiff must now proceed to trial without adequate pretrial discovery, unless the order of May 17, 1967 is extended. Because this decision was delayed beyond September 18, 1967, the time to complete pretrial discovery and file a note of issue will be extended until December 16, 1967. During this time, plaintiff may take the deposition of Greshler and Hamilton. If Hamilton is unable, because of illness, to be deposed within the forty-five day period now allowed, and if it appears from defendant's pretrial memorandum that Hamilton will be testifying on the trial, plaintiff may then move for leave to take Hamilton's deposition before trial.