Kathleen OWNBY, Executrix of the Estate of Wayne Ownby, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant and Third-Party Plaintiff,

v.

CAROLINA CASUALTY INSURANCE COMPANY, a corporation, Third-Party Defendant.

Civ. No. 68–217.

United States District Court
W. D. Oklahoma.

Oct. 7, 1968.

Floyd L. Walker, Tulsa, Okl., for plaintiff.

B. Andrew Potter, U. S. Atty., and Ronald L. Howland, Asst. U. S. Atty., Oklahoma City, Okl., for defendant and third-party plaintiff.

John D. Cheek, of Cheek, Cheek & Cheek, Oklahoma City, Okl., for third-party defendant.

## ORDER

DAUGHERTY, District Judge.

The Court has under consideration Plaintiff's Motion for Production of Documents and Further and Additional Motion for Production of Documents. Specifically, the documents sought are statements of witnesses to the accident in which Wayne Ownby died and which are in the possession of the Defendant. When these statements were taken, no litigation was pending between these parties.

The Defendant objects to their production on the ground that they are the "work product" of an attorney. In support of its claim of immunity from discovery Defendant has submitted the affidavit of Dan P. Chisholm, Regional Attorney, Office of General Counsel, United States Department of Agriculture, Little Rock, Arkansas. He states that he is a duly qualified and licensed attorney and that as such he directed that the statements be obtained from the persons who witnessed the accident. Plaintiff takes the position that these statements do not fall within the "work product" rule of Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1946), in that they were obtained prior to this action being filed.

The rule of Hickman v. Taylor, supra, is based on considerations of fairness and necessity. It specifically holds that such statements are not per se privileged, but that where the witnesses from whom the statements were taken are available to opposing counsel, or at least when no showing is made that they are are not available, the statements will not be provided. The question is not whether a lawyer-client privilege somehow attaches to the statements but rather whether their production is the only means of obtaining the evidence. It is required by the Hickman v. Taylor rule, however, that such statements be prepared and obtained by or at the direction of a lawyer.

Defendants have thus shown that the statements were obtained at the direction of and under the supervision of an attorney. Plaintiff has made no showing that the witnesses are unavailable, in fact, there has been no suggestion of any kind of necessity on the part of Plaintiff. The fact that the statements were obtained before suit was filed is of no effect. In Hickman v. Taylor, supra, the statements were obtained before suit was filed and they were held to be "work product."

Plaintiff's Motions are, therefore, without merit, and are denied.