STATE of Missouri ex rel. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Relator,

v.

The Honorable James H. KEET, Jr., Judge of the Circuit Court of Greene County, Missouri, Division III, Respondent.

No. 11505.

Missouri Court of Appeals,
Southern District,
Division One.

July 1, 1980.

Gerald H. Lowther, C. Ronald Baird, Lowther, Johnson & Baird, Springfield, for relator.

Meredith B. Turner, Turner, Reid, Duncan & Loomer, Springfield, for respondent.

PREWITT, Judge.

This is an original proceeding in prohibition. On January 31, 1979, vehicles operated by Timothy A. Conus and Sam Perkins collided on a public street in Springfield, Missouri. Conus then brought an action against relator seeking damages for personal injuries as a result of the collision, under the uninsured motorist provision of an insurance policy. His attorneys served a notice to take the deposition of a representative of relator, to be designated by it, who could testify as to the investigation relator

made regarding the collision. After the notice, a subpoena duces tecum was served on an employee of relator, requiring him to produce at the deposition:

"(a) All photographs taken of each vehicle, and the negatives of all photographs;

(b) All diagrams, plats, or photographs taken of the scene of the accident which occurred on January 31, 1979, as described below;

(c) All statements, written or recorded, taken from any individual who claims to have knowledge of the said accident; and any written summary or documentation of any statements which were neither written or recorded;

(d) All statements, written or recorded, taken from any plaintiff with regard to the accident;

(e) The State Farm Mutual Automobile Insurance Company investigation file concerning or pertaining to the said accident;

(f) A true copy of insurance policy 186–9715–814–25, and all endorsements and attachments thereto;

(g) All memoranda, statements and other documentary material relating to the issue of liability insurance coverage by any insuror on the vehicle driven by Sam Perkins at the time of the accident."

Relator filed a motion for a protective order seeking to prevent the production of the material requested except for items (d) and (f). Respondent announced that he would overrule the motion and after application to this court, we issued a preliminary writ.

The notice to take deposition states that it is "for purposes of discovery" and Conus' counsel do not contend it was to be taken for any other purpose. His counsel do not dispute that at least some of the items listed in the subpoena would be trial preparation materials and that no showing of need for the material as provided by Rule 56.01(b)(3) [1] was attempted. The attorneys contend that they seek only knowledge of

1. All references to Rules are to V.A.M.R., except where otherwise stated.

the "existence, description, nature, custody, condition and location of any books, documents or tangible things and the identity and location of persons having knowledge of any discoverable matter" as provided in Rule 56.01(b)(1), and that discovery of this "preliminary information is essential to the drafting of a request for production supported by the requisite establishment of 'substantial need' and 'undue hardship'." They state that they do not seek privileged communications between relator and its attorney nor seek to examine or copy any of this material. They wish these documents present at the deposition because they might not receive full answers "as to discoverable details without having available to the witness, for refreshment of his memory, the investigative files of the relator". The attorneys state that having these files at the deposition "will enable the witness, by reference to the file, to make full and accurate answer to questions within the proper scope of discovery." The brief filed in behalf of respondent says "that no effort will be made to inspect or review any item, documentary or otherwise, as to which the objection of privilege, trial preparation material, or work product is made—inquiry will only relate to the nature of the item, by whom it was prepared, when it was prepared, and in whose custody it is vested." The brief asks us "to consider the distinction between discovery of facts relating to the existence and custody of matters claimed to be trial preparation materials, and the actual viewing, copying or inspecting of those matters".

■ It appears that the specific items requested and objected to, if in existence, would have to be trial preparation material and that the general requests would at least include such material. See 8 Wright & Miller, Federal Practice and Procedure: Civil § 2024 (1970). We must then determine if a party can compel trial preparation material of an opposing party to be available at a deposition of a representative of that party when no showing of substantial need or inability to obtain the substantial equivalent has been made as provided in Rule 56.01(b)(3). No question is raised by

relator regarding the propriety of a party attempting to require the production of material at a deposition by use of a subpoena duces tecum rather than proceeding as provided in Rule 57.03(b)(3), so we do not decide that question. See 8 Wright & Miller, supra, Civil § 2108, discussing like Federal Civil Rules.

■ Prohibition is a proper remedy when the trial court has ordered compliance with an improper subpoena duces tecum. *State ex rel. Collins v. Donelson*, 557 S.W.2d 707, 709 (Mo.App.1977). We do not believe that a suit based on uninsured motorist coverage entitles a party to any greater discovery than in any other type of suit. The relationship created by uninsured motorist coverage creates no special relationship; the insured and insurer are "adversaries who deal with wariness, not principal and agent who deal with trust". *Craig v. Iowa Kemper Mutual Insurance Company*, 565 S.W.2d 716, 724 (Mo.App.1978). Relator likely would have investigated the collision with possible claims under both the liability and the uninsured motorist provisions of its policy in mind. Paragraph (g) of the subpoena seeks information as to liability coverage of the Perkins vehicle which would not be an "issue" in a liability claim against relator but would be in an uninsured motorist claim.

■ Counsels' assurances that they do not seek to inspect or copy the documents does not require their production if it could not otherwise be compelled under the civil rules. In construing and applying the rules, we do so having the normal rights of parties in mind as the rules were likely drafted with those rights being considered. Rule 57.03(g)(1) provides that documents and "things produced for inspection during the examination of the witness" at a deposition "may be inspected and copied by any party". It is also held that when a witness uses a document while testifying to refresh his memory, counsel is entitled to inspect it. *State v. Smith*, 431 S.W.2d 74, 81–82 (Mo. 1968); *State v. Miller*, 368 S.W.2d 353, 357 (Mo.1963). We think the rules have to be

applied in a manner which assumes that counsel might exercise such rights of inspection as may be available.

■ Rule 56.01 provides the "General Provisions Governing Discovery", and appears to define what may be obtained under all methods of discovery. See 8 Wright & Miller, Federal Practice and Procedures: Civil § 2007 (1970), discussing Federal Civil Rule 26. The portions of Rule 56.01 applicable here are the same as that rule. See Committee Note—1974, to Rule 56.01, V.A.M.R. We believe that Rule 56.01 limits what can be obtained by a subpoena duces tecum for discovery issued under Rule 57.09. Until the required showing for the production of trial preparation materials is made, under Rule 56.01(b)(3), they cannot be subpoenaed for production at a deposition. In 4 Moore's Federal Practice ¶ 26.24 pp. 26–413—26–414 (2d ed. 1979), the authors discuss whether an insurance company which insures a party may be deposed and trial preparation materials required at the deposition by subpoena duces tecum under the Federal Civil Rules. The authors conclude that "it seems plain that a special showing must now be made in such a case". See also *Tobacco and Allied Stocks v. Transamerica Corp.*, 16 F.R.D. 534 (D.Del. 1954); *Brush v. Harkins*, 9 F.R.D. 681 (W.D. Mo.1950).

■ We also believe that a party should not be able to obtain from another party, by subpoena duces tecum, a broader range of materials than it might have obtained by production of documents under Rule 58.01. That rule allows the production of materials only if they are within the scope of discovery provided by Rule 56.01(b). The federal courts have held that their rules providing for production of documents and subpoena duces tecum "should be construed in pari materia and the right to discovery should not depend upon the tactical choice of one procedure as against another". 4A Moore's Federal Practice ¶ 30.55 p. 30–71 (2d ed. 1980). See also *Wirtz v. Local Union 169, International Hod Carriers', Building and Common Laborers' Union of America, AFL–CIO*, 37 F.R.D.

349, 351 (D.Nev.1965), and 9 Wright & Miller, Federal Practice and Procedure: Civil § 2452, p. 422 (1971). We believe Rule 57.09 and Rule 58.01 should be construed in a like manner.

It is not before us and we do not decide whether other methods of discovery may make the information which Conus says he seeks, rather than the materials, available. Nor do we hold that there is any limitation on the right of a party to use the methods of discovery "in any sequence". Rule 56.-01(d). However, the attempt here was the physical production of the material, not a determination as to their "existence, description, nature, custody, condition and location" as Conus states he was merely seeking. See Rule 56.01(b)(1). Upon their use at the deposition, which use Conus was seeking to compel, a party might ordinarily examine them and thus perhaps receive information beyond the scope of the discovery rules.

The preliminary writ is modified so as only to prohibit, until a proper showing of need under Rule 56.01(b)(3) is made, the enforcement of paragraphs (a), (b), (c), (e), and (g) of the subpoena duces tecum, and the preliminary writ is dissolved in all other respects so that the matter before respondent may proceed toward disposition. As modified, the writ is made permanent.

All concur.