**ALLSTATE INSURANCE COMPANY,**
**Plaintiff,**

v.

**The Honorable William J. PETERS, Judge of the Circuit Court of Jackson County, Missouri, Division 16, Defendant.**

**No. WD 33835.**

Missouri Court of Appeals,
Western District.

Oct. 5, 1982.

G. Spencer Miller and Ed Dougherty, Kansas City, for plaintiff; Miller & Dougherty, Kansas City, of counsel.

Louis W. Krings and I.L. Kraft, Kansas City, for defendant.

Before LOWENSTEIN, P.J., and PRITCHARD and CLARK, JJ.

PRITCHARD, Judge.

By second amended petition in two counts, Vernon and Evelyn Dehoney claim damages under an uninsured motorist policy of insurance issued by plaintiff herein, Allstate. Count I asks judgment for the $50,000 policy limits occasioned by the alleged negligence of Fedo, the uninsured motorist, in turning his motor vehicle to the left causing Dehoney's motorcycle to strike it. It was further alleged that Allstate's refusal to pay was vexatious under § 375.-420, RSMo 1978, and penalties were prayed for thereunder. Count II was for Evelyn's alleged loss of consortium only.

Allstate, on February 10, 1982, filed a motion to strike the allegations of its vexatious refusal to pay upon the ground that the liability of Fedo, the uninsured motorist, had not been judicially determined and thus there was no duty to pay under the uninsured motorist policy until there was a judgment entered against it and thereafter a refusal to pay. Cited to the trial court and here relied upon by Allstate is *Craig v. Iowa Kemper Mutual Insurance Co.,* 565 S.W.2d 716 (Mo.App.1978).

The trial court first overruled Allstate's motion to strike on March 31, 1982, and it filed a motion to reconsider that order on April 23, 1982. Then, on April 26, 1982, Vernon Dehoney had issued a subpoena duces tecum to Don Weber, Claims Department for Allstate, to appear for deposition testimony on May 6, 1982, and to bring with him all items in attached "Exhibit 'A'" which encompassed "Any and all documents, records or other writings relating to claim of Plaintiff, Vernon W. Dehoney." Allstate then filed its Motion for Protective Order asking that Dehoney be prohibited from taking Weber's deposition and that

the subpoena duces tecum be quashed. The reasons given in suggestions to the trial court were that the production of Allstate's file was an attorney-client privilege and that it was information and documentation prepared in anticipation of litigation. Standing alone, ruling the motion to strike the allegation of vexatious delay would be within the trial court's jurisdiction, and if erroneously ruled, the matter would be correctible by appeal, and these two matters would prevent the preliminary rule herein from being issued. The trial court, however, may have exceeded its jurisdiction in overruling the motion for a protective order on the discovery of claimed privileged information in Allstate's claim file, which Dehoney, on behalf of defendant, says in his suggestions that the motion for production of documents related to the claim for vexatious refusal to pay.

The matter is ruled by the *Craig* case, supra. There, the named insured under the uninsured motorist policy, in Count III of their petition, sought damages for vexatious refusal to pay under the policy. In a trial to the court, judgment was entered against plaintiffs on Count III, which judgment was affirmed. The *Craig* case has changed the law previously announced that "The defendant insurance company is not the insurer of the owner or operator of the uninsured automobile, * * *," *Hill v. Seaboard Fire & Marine Insurance Company,* 374 S.W.2d 606, 611 (Mo.App.1963), at least, as here, where there is joined in the claim for policy coverage occasioned by the negligence of an uninsured motorist, one for vexatious refusal to pay of that claim. The rationale of the change in law is stated at pages 720 and 721 of the *Craig* opinion. First, "The obligation of insurer Iowa Kemper to pay $10,000 to the Craigs under Part IV of the policy did not accrue merely because they proved a loss but only after the damage was adjudicated to result from the legal liability of the uninsured motorist [Ward]. Thus, the claim of the Craigs did not become *a loss under the policy* within the terms of Sec. 375.420—and so payable directly from the insurer to the insured—

until the legal cause for the injury first was fixed on the uninsured motorist. Only then did the claim become *a loss under the policy,* and so, *ex contractu* —in this case, when final judgment was entered on the verdict of December 20, 1972 against Ward." The *Craig* decision is based upon a reordering of the normal postures of an insured and insurer under uninsured motorist coverage— the nominal insured into a third party claimant and a nominal uninsured motorist into an actual insured. Then, when and if the liability of the uninsured motorist has been adjudicated, the policy insured and insurer are restored, not merely to their actual relationship, but to creditor and debtor as well, and the claim then becomes a loss under the policy, and vexatious refusal of the insurer [thereafter] to pay the loss becomes actionable. The court held that the insurer paid into court the amount of one uninsured motorist coverage within 33 days after the judgment became final [a not unreasonable delay considering Craigs' nonacceptance because of a not yet adjudicated issue of stacking of coverages], the insurer was not liable for the penalties.

Under the *Craig* case, Dehoney may not maintain his case for vexatious refusal to pay until there is established, by final judgment, the liability of the uninsured motorist. That liability involves several factors: the negligence of the uninsured motorist, the contributory negligence of Dehoney (the burden of proof of which is on Allstate), and the amount of damages, which might be less (or more) than a contractual policy limits. These matters depend upon a final judgment for Dehoney establishing the liability of the uninsured motorist Fedo. It is not within those types of claims which are cognizable only after another claim has been prosecuted to a conclusion which may be joined in a single action under Rule 55.06, because there must be a vexatious refusal to pay under the policy *after* a judgment is rendered holding the uninsured motorist liable, which until that event is not an existent claim dependent on the outcome of another. Until that happens, and there is *thereafter* an issue of vexatious refusal to pay, Dehoney may not have discovery on

that issue because until then he will be unable to make a special showing for need of discovery on the issue unless there is a refusal to pay the amount due under any judgment. *State ex rel. State Farm Mutual Automobile Insurance Co. v. Keet,* 601 S.W.2d 669 (Mo.App.1980).

The preliminary rule in prohibition is made absolute against defendant proceeding with the issue of vexatious refusal to pay, and in connection therewith, any discovery designed to elicit evidence on that issue at this time.

All concur.