STATE ex rel. Roberta DAY, Relator,

v.

The Honorable Timothy J. PATTERSON, Judge of the Circuit Court of Jefferson County, Respondent.

No. 56456.

Missouri Court of Appeals, Eastern District, Division One.

June 27, 1989.

John Scott Wallach, Joseph Kingsland Robbins, St. Louis, for relator.

Paul Thomas Krispin, Jr., Raymond H. Dickhaner, Hillsboro, Edward J. Bippen, Jr., St. Louis, for respondent.

SIMEONE, Senior Judge.

### I.

This is an original proceeding in prohibition by relator, Roberta Day, to prohibit the respondent, the Honorable Timothy J. Patterson from enforcing his order sustaining a motion for a protective order pertaining to discovery in the underlying action. We have original jurisdiction. Art. V, § 4, Mo. Const. On April 13, 1989, we issued our preliminary order in prohibition. We now quash our preliminary order in prohibition as improvidently granted.

The specific issue to be decided is whether the plaintiff-relator, having allegedly been injured on the defendants' premises, is entitled to obtain from the defendants' liability insurance carrier documents and materials prepared for a previously, separate and similar complaint made by another person who was also allegedly injured on

the same premises. We hold that, under the rules of discovery, relator is not entitled to obtain such materials and documents from the insurer in the absence of showing a need therefor and the inability, without undue hardship, to obtain the substantial equivalent of the materials by other means.

### II.

The underlying proceeding began on September 9, 1988, when relator, Roberta Day, filed a petition against Elmo and Shirley Branson, seeking damages for injuries allegedly sustained while walking on a common sidewalk area on premises owned by the Bransons in Jefferson County. She alleged in her petition that she was a tenant of the Bransons, and that on or about November 10, 1987, she fell because of a dangerous and defective condition. She further alleged that the Bransons failed to repair the premises, that the Bransons knew or should have known of the defective condition because of prior injuries and failed to warn her thereof. She sought damages in the amount of $15,000. Relator, Day, then filed a set of interrogatories on the Bransons. One of the interrogatories asked if "prior claims for injuries were made concerning the portions of sidewalks." The Bransons answered by stating that "[a] claim was made by Pauline Clements ... At this time, Defendant [sic] does not know whether the claim was made concerning the portions of the sidewalk removed, ... Defendant [sic] is also unaware of any allegations of negligence made by such claimant." Relator then filed a notice to take the deposition of the custodian of records of the American Family Insurance Group and issued a subpoena to bring the claim file on behalf of the insureds, Elmo and Shirley Branson, for "an incident" involving Pauline Clements, including photographs, "statements,"[1] investigative materials, etc." The deposition was to take place on March 23, 1989. On March 17, the Bransons filed a motion for protective order contending that the claim file for an incident involving Pauline Clem-

1. No distinction is made between any state-

ments made by the Bransons or witnesses.

ents is "work product" and that portions of the investigative file may include privileged statements and the mental impressions of the agents of the defendants prepared in anticipation of litigation. The Bransons moved for an order quashing the deposition or in the alternative that the scope of the inquiry into the file be limited to exclude "privileged and work product material."

On March 22, the respondent entered his order indicating he would sustain the Bransons' motion, but would give relator ten days to apply for a writ. On April 3, 1989, relator filed her petition for prohibition in this court alleging the above facts and contending that respondent's order is without jurisdiction or is in excess of his jurisdiction, and is an abuse of discretion. Relator prayed for a writ preventing respondent from sustaining the Bransons' motion for a protective order. Suggestions in support and in opposition were filed. The suggestions in support contended that except for any statements given by the Bransons to the insurer, the file is discoverable. Relator relies on *State ex. rel. J.E. Dunn Const. v. Sprinkle*, 650 S.W.2d 707, 711 (Mo.App.1983) and *State ex rel. Friedman v. Provaznik*, 668 S.W.2d 76, 80 (Mo. banc 1984). Relator contended that:

> While the claim of the attorney/client privilege may be sufficient to shield the discovery of any statement between the insured and the insurer, it does not extend to photographs, statements of witnesses, etc., prepared in the investigation of a claim by the insurance company. At best, this would be a work product privilege which would extend only to litigation in that particular action. To hold otherwise would effectively bar the production of all insurance claims files, contrary to Missouri Public Policy.

We issued our preliminary order on April 13, 1989, ordering respondent to refrain from all action in the premises until further order.

In this proceeding, relator makes the point that the respondent erred in indicating he would sustain the protective order quashing the notice to take the deposition and subpoena of the custodian of the records of the American Family Insurance Group because the deposition and subpoena sought "discoverable information" and the "attorney/client relationship and the work product privilege" do not shield the claims file of an insurance carrier concerning prior unrelated incidents. Relator again argues that "while defendant's/insured's communications with its insurance carrier are protected under a variant of the attorney-client privilege, this privilege does not serve to shield the entire file, only the insured (insurer statements contained therein)." She contends that the two incidents—involving Pauline Clements and relator—are separated by almost a year, and that since the claims are separate and distinct and the materials were prepared for the Clements' claim, the work-product rule does not apply to "photographs, witness statements, investigative materials, etc." It would be proper, says relator, under the authority of *State ex rel. Friedman v. Provaznik, supra*, to hold an *in camera* examination and cull out those documents which are privileged. Relator finally argues that the information sought is relevant to her tort action with regard to prior notice of the defective condition of the Bransons' property as well as other matters. No showing has been made that relator has a substantial need for the materials or that she is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

In short, relator contends that except for any statements made to the American Family Insurance Group by the Bransons which are protected by an insured-insurer privilege akin to the attorney-client privilege [*State ex rel. Cain v. Barker*, 540 S.W.2d 50, 53 (Mo. banc 1976)], she is entitled to the investigative file to discover and obtain other material.

### III.

Supreme Court Rule 56.01(b)(1) provides in pertinent part that parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the

party seeking discovery or to the claim or defense of any other party. Subsection (b)(3) provides that a party may obtain discovery of documents and tangible things otherwise discoverable under subsection (b)(1) of this Rule and prepared in anticipation of litigation or for trial by or for another party or by the other party's representative (including his insurer or agent) only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of his case and that he is unable without undue hardship to obtain the substantial equivalent of the materials by other means.

Rule 56.01 became effective January 1, 1975. Rule 56.01 is based substantially on Federal Rule of Civil Procedure (26)(b)(3). Rule 56.01 defines what may be obtained under all methods of discovery. *State ex rel. State Farm Mut. Auto. v. Keet*, 601 S.W.2d 669, 672 (Mo.App.1980); 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2007 (1970). The portions of Rule 56.01 applicable here are the same as the Federal Rule.

■ Statements made by an insured to the insurer are privileged. *State ex rel. Cain v. Barker, supra. Cain* was a wrongful death action arising out of a highway accident which caused fatal injuries to plaintiff's decedent. Cain and his employer were two of three defendants. Shortly after the accident Cain gave two written statements to a lay adjuster for his insurance carrier. In pre-trial discovery, plaintiff sought discovery of the statements. The trial court ordered the production, but our supreme court prohibited the enforcement of the order and held that the insurer-insured relationship which existed between Cain and the insurance company caused the statements to "fall within the protection of the attorney-client privilege." *Cain, supra*, 540 S.W.2d at 53. The court recognized an insured-insurer privilege as a variant of the attorney-client privilege. The court pointed out that Rule 56.01(b)(1) authorizes discovery of matters not privileged which necessarily means that privileged matters, such as communications are not discoverable unless the privilege is waived.

The court concluded that it was unnecessary to consider whether plaintiff "in seeking the statements made a sufficient showing of substantial need therefor and that she was unable to without undue hardship to obtain the substantial equivalent as required by rule 56.01(b)(3)." *Cain, supra*, 540 S.W.2d at 57. But in recognizing the insured-insurer privilege, the court held that a statement made by the insured (the defendant in the underlying suit) to his insurer enjoyed an absolute privilege and was inaccessible to discovery by the plaintiff in the underlying action. *See State ex rel. J.E. Dunn Const. v. Sprinkle, supra*, 650 S.W.2d at 710; *Halford v. Yandell*, 558 S.W.2d 400, 405 (Mo.App.1977).

■ It is clear, therefore, as relator frankly admits, that any statements made by the Bransons to their insurance carrier would be absolutely privileged and she concedes that she is not entitled to discover such statements. As to other matters that may be in the investigative file—photographs, statements of witnesses, investigative materials, etc.—relator contends such material is not work product because the claim file sought was not prepared in anticipation of the *instant* litigation, but is a completely separate and unrelated incident involving Pauline Clements.

We turn to the question whether materials prepared by a liability insurer are work product.

■ Prior to the adoption of amended Rule 56.01 and Fed.R.Civ.Proc. 26, there was disagreement as to whether the principles laid down in *Hickman v. Taylor*, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947) relating to the relationship of attorney-client were applicable to insurers or investigators. *See* Committee Note to Fed.R. Civ.P. 26; 4 J. Moore, J. Lucas and G. Grotheer, Jr., *Federal Practice* at 26–38 (2nd ed. 1987). But Rules 26 and 56.-01(b)(3) made clear that the work product doctrine was to be made applicable to the discovery of documents prepared "in anticipation of litigation or for trial" by a consultant, surety, indemnitor, insurer or agent. *Halford v. Yandell, supra*, 558 S.W.2d at

n. 3, p. 405; *Parrett v. Ford Motor Co.*, 47 F.R.D. 22 (E.D.1968).

▮▮▮ "Work product" is a qualified immunity under Rule 56.01(b)(3). The principle denies to one's adversary, materials "prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative," except upon the requisite showings. *State ex rel. J.E. Dunn Const. v. Sprinkle, supra*, 650 S.W.2d at 710; *State ex rel. Friedman v. Provaznik, supra*, 668 S.W.2d at 80; *Porter v. Gottschall, Etc.*, 615 S.W.2d 63 (Mo. banc 1981). The work-product privilege prevents an opposing party from discovering materials collected in the course of preparation for possible litigation, and shields materials from discovery in a particular cause of action or investigation, absent the requisite showings. This "privilege" is a narrower exception to discovery than is the attorney-client privilege. *Friedman, supra*, 668 S.W.2d at 80. Therefore, photographs and other materials prepared in anticipation of litigation are discoverable, but only upon the requisite showings as stated in Rule 56.01(b)(3). There is no showing that Pauline Clements is unavailable or that the material cannot be obtained elsewhere.

Whether "work product" prepared in anticipation of litigation or trial, other than the instant litigation, is discoverable, appears not to have been definitively settled in Missouri. There are some federal decisions which "seem to stand for the proposition that the work product immunity applies only to documents prepared in direct relation to the case at bar and that documents prepared for one case, though they would be protected in that case, are freely discoverable in a different case." 8 Wright & Miller, *supra*, § 2024 at 200. But the "sounder view" appears to be that such documents prepared for one case have the same protection in a second case, at least if the two cases are related. *Id.; State ex rel. Friedman v. Provaznik, supra*, 668 S.W.2d at 80—work product applicable to those cases in which preparation is for the same or related cause; *Hercules, Inc. v. Exxon Corp.*, 434 F.Supp. 136, 153 (D.C.

Dela.1977); *Midland Inv. Co. v. Van Alystyne, Noel & Co.*, 59 F.R.D. 134, 138 (D.C. N.Y.1973); 8 Wright & Miller, *supra*, § 2024, 1988 Supp. at 98; 4 Moore, *supra*, § 26.64[2] at 26–355; Note, *The Work Product Doctrine in Subsequent Litigation*, 83 Col.L.Rev. 412 (1983).

▮▮▮ Work product prepared in anticipation of litigation or for trial does not mean that a suit must be commenced or terminated before materials and documents come within the protection of work product. In *May Department Stores v. Ryan*, 699 S.W.2d 134 (Mo.App.1985) we held that an incident report prepared by a potential defendant and forwarded to the liability insurer was prepared in "anticipation of litigation."

▮▮▮ The test of when matters and documents are prepared "in anticipation of litigation or for trial" is, not whether an action has been commenced, but whether "in the light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." 8 Wright & Miller, *supra*, at 198; *Stix Prods., Inc. v. United Merchants & Mfrs., Inc.*, 47 F.R.D. 334, 337 (D.C.N.Y.1969)—privilege applicable although litigation is still a contingency; *Ownby v. U.S.*, 293 F.Supp. 989, 990 (D.C.Okla.1968); *Home Ins. Co. v. Ballenger Corp.*, 74 F.R.D. 93, 101 (N.D.Ga.1977); *see* numerous cases cited in 8 Wright & Miller, *supra*, 1988 Supp. at 94–95.

▮▮▮ Relator contends that the work-product qualified immunity rule embodied in Rule 56.01(b)(3) should be construed to apply only in the instant pending case and should not be applicable to another complaint or cause different from the case at bar. But Rule 56.01(b)(3), which permits discovery of documents "prepared in anticipation of litigation or for trial" only upon the requisite showings is not so limited. The Rule states that documents "prepared in anticipation of litigation or for trial" are discoverable only upon the requisite showings and are not discoverable in the absence of such showings. The Rule does not read that documents "prepared in antic-

ipation of *the* litigation or for trial." The work product rule gives a qualified immunity for documents "prepared in anticipation of litigation." We construe the work product rule to mean that documents prepared in anticipation of any related litigation or trial are qualifiedly immune and may be obtained only upon the requisite showings.

■ Under the above authorities, we hold that (1) the documents prepared for the Pauline Clements' claim were documents "prepared in anticipation of litigation or for trial," (2) the documents in the claim file, other than the statements, if any, made by the Bransons to the insurer which are privileged, are work-product, and (3) as such are qualifiedly privileged and not subject to discovery absent a showing by the relator that she has a substantial need of the materials and that she is unable without undue hardship to obtain the substantial equivalent of the materials by other means. No such showing has been made here by relator. *Cf., Hickman v. Taylor, supra.*

Relator principally relies on *State ex rel. J.E. Dunn Const. v. Sprinkle, supra.* That case is inapposite. In *Dunn,* a part of the roof and supporting structure of Kemper Arena in Kansas City collapsed causing a great loss. The building was insured by a policy of insurance issued by Great American Insurance Company against loss by windstorm and other perils. The City, owner of the arena, claimed that the collapse was caused by windstorm and that the insurer was obligated to pay the loss, less deductible. The insurer denied coverage, but agreed to pay an amount as a compromise settlement. The City, on its part, agreed it would institute suit against third persons who might be responsible for the loss, the suit to be at the sole discretion of Great American. The City brought action against the architect, the steel supplier and J.E. Dunn, the general contractor. Dunn alleged that Great American paid the settlement as a volunteer and not in good faith. Prior to the settlement, Great American conducted an investigation into the cause of the loss and built a file on the investigation. Dunn sought to discover these documents collected by Great American in the possession of the City. The City contended that the information and documents sought by Dunn are protected by the attorney-client privilege and the doctrine of work product. The Western District held that the documents were neither within the attorney-client privilege nor work product. As to the attorney-client privilege, the court held that the documents collected by the City's casualty insurer did not fall within the privilege so as to be excluded from discovery by the general contractor in the City's action against it, since the relationship is not one of an identity of interest, but basically adversarial. The court noted the difference between the relationship of a liability insurer whose policy obliges it to defend its insured and to pay any judgment against it, and the relationship between the insurer of property and owner of such property. "In the former case, the relationship is basically a relationship of identity of interest, while in the latter case the relationship, at least until the insurer acknowledges coverage, is basically adversarial." *Dunn, supra,* 650 S.W.2d at 710. As to work-product, the court stated that the immunity applies only to information and materials gathered by one's adversary in the preparation of litigation. In *Dunn,* the documents were prepared for the insurer's interests, and did not constitute work-product.

*Dunn,* therefore, is not dispositive of the instant proceeding. The materials obtained by American Family Insurance Group on the Pauline Clements' claim were prepared in "anticipation of litigation," and its policy, undoubtedly, obliges it to defend the insureds, and to pay any judgment against them. The materials and documents were, therefore, work product, and in the absence of the required showings, pursuant to Rule 56.01(b)(3) are not discoverable.

■ We further believe that Rule 56.01 limits what can be obtained by a *subpoena duces tecum* for discovery under Rule 57.-09(b). Until the required showing for the production of trial preparation materials is made, under Rule 56.01(b)(3), they cannot

be subpoenaed for production at a deposition, nor pursuant to Rule 58.01 which allows the production of documents only if they are within the scope of discovery provided by Rule 56.01(b). *See State ex rel. State Farm Mut. Auto. v. Keet, supra,* 601 S.W.2d at 672.

Inasmuch as we have held that the materials and documents are not discoverable, we need not discuss the relator's contention that the investigative file may be culled to determine, *in camera,* what material is not discoverable under *State ex rel. Friedman v. Provaznik, supra.*

### IV.

We conclude that our preliminary order was improvidently granted and hereby quash that preliminary order.

PUDLOWSKI, C.J., and DOWD, J., concur.