**460**

Kurt THOMAS, Appellant,

v.

AMERICAN CASUALTY INSURANCE COMPANY, Respondent.

No. WD 47248.

Missouri Court of Appeals,
Western District.

Aug. 17, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Application for Transfer Sustained Nov. 23, 1993.

Case Retransferred March 22, 1994.

Court of Appeals Opinion Readopted March 25, 1994.

David L. Neuhaus, Kansas City, for appellant.

Michael Eugene McCausland, Kansas City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

FENNER, Judge.

Appellant, Kurt Thomas, appeals the judgment of the trial court dismissing his claim against respondent, American Casualty Insurance Company (American Casualty), for vexatious refusal to pay damages.

On June 6, 1991, Kurt Thomas was involved in a motor vehicle accident. The accident resulted from an unidentified driver running a stop sign and causing Thomas to swerve his vehicle into the oncoming lane of traffic where Thomas collided with another vehicle. The unidentified driver who had run the stop sign fled the scene of the accident and remains unidentified.

Thomas made a demand against his insurance carrier, American Casualty, to recover for his damages under the uninsured motorist coverage of his policy with American Casualty. Payment was not forthcoming and Thomas filed suit against American Casualty on March 6, 1992. Thomas sought to recover damages for his personal injuries and damages for vexatious refusal to settle under section 375.420 and section 375.296.[1]

On August 6, 1992, American Casualty filed a motion to dismiss Thomas' claims for vexatious refusal to settle. American Casualty argued that the liability of the uninsured motorist must first be adjudicated before an insured can maintain an action for vexatious refusal against their uninsured motorist carrier.

The trial court sustained American Casualty's motion to dismiss Thomas' claim for vexatious refusal. In its order, the trial court held that an insured plaintiff could not

---

1. All statutory references are to RSMo 1986.

"maintain a claim for 'vexatious refusal' in an uninsured motorist case until there is an adjudication that the alleged uninsured motorist is in fact liable to the plaintiff." The trial court cited *Craig v. Iowa Kemper Mutual Insurance Co.,* 565 S.W.2d 716 (Mo.App. 1978), in support of its judgment.

The sole issue in this appeal is whether it is legally necessary for an insured plaintiff to obtain an adjudication of liability against an uninsured motorist before the insured plaintiff is entitled to proceed against his insurance carrier for damages for vexatious refusal to pay. In *Craig v. Iowa Kemper Mutual Insurance Co.,* 565 S.W.2d 716 (Mo.App. 1978), the western district of this court answered the question in the affirmative. However, the southern district, in *Shafer v. Automobile Club Inter–Insurance Exchange,* 778 S.W.2d 395 (Mo.App.1989), relying on a decision of the Missouri Supreme Court in *Oates v. Safeco Insurance Company of America,* 583 S.W.2d 713 (Mo. banc 1979), answered this question in the negative.

We find the opinion of the southern district in *Shafer* and its reliance on *Oates* to be persuasive and controlling. In *Shafer,* Judge Holstein analyzed the opinion in *Craig* and found *Craig* to no longer be controlling authority. *Shafer,* 778 S.W.2d at 398.

In *Craig* the court held that:

The obligation of insurer ... to the [insured] ... did not accrue merely because [the insured] proved a loss but only after the damage was adjudicated to result from the legal liability of the uninsured motorist.... [T]he claim of the [insured] did not become a loss under the policy ... until the legal cause for the injury first was fixed on the uninsured motorist. Only then did the claim become a loss under the policy, and so, ex contractu ... when final judgment was entered on the verdict ... against [the uninsured motorist].

*Craig,* 565 S.W.2d at 720–21.

In *Shafer* Judge Holstein noted that:

Subsequent to the decision in *Craig,* the Supreme Court of Missouri ... clearly ar-

ticulated the nature and elements of a claim for uninsured motorist coverage. *Oates v. Safeco Ins. Co. of America,* 583 S.W.2d 713 (Mo. banc 1979); *Cobb v. State Sec. Ins. Co.,* 576 S.W.2d 726 (Mo. banc 1979). An uninsured motorist coverage claim is a separate and distinct cause of action from the tort claim against the uninsured motorist, and the insured is not required to assert any claim against the uninsured motorist as a condition precedent to recovery under the insurance contract. *Oates v. Safeco Ins. Co. of America, supra,* at 717. The right to recover under the uninsured motorist coverage is on the contract and not in tort. *Cobb v. State Sec. Ins. Co., supra,* at 736. To be legally entitled to recover, the insured must show (1) that the other motorist was uninsured, (2) that the other motorist is legally liable to the insured, and (3) the amount of damages. *Oates v. Safeco Ins. Co. of America, supra,* at 715. It follows that if an insured is "legally entitled to recover," he has suffered a "loss under the policy."

Because the rule enunciated in *Craig* was dependent upon that court's conclusion that an adjudication was a precondition to the insured's having suffered "a loss under the policy," it is in conflict with the more recent and authoritative holdings of the Missouri Supreme Court. To the extent of the discord, *Craig* will not be followed.

*Shafer,* 778 S.W.2d at 399.

American Casualty argues that the opinion in *Shafer* is not persuasive and cites the case of *Allstate Insurance Company v. Peters,* 641 S.W.2d 156 (Mo.App.1982), in further support of its position. *Peters* was decided by the western district subsequent to *Oates* and followed the opinion of this court in *Craig.* However, *Peters* made no mention of the opinion of the Missouri Supreme Court in *Oates* and did not analyze the effect of *Oates* on *Craig.* As with the opinion in *Craig,* we find this court's opinion in *Peters* to be in conflict with the opinion of the Missouri Supreme Court in *Oates.* Therefore, as with *Craig, Peters* will likewise not be followed.[2]

**2.** It is further noted here that the Eastern district of this court has cited *Shafer v. Auto Club Inter-Ins. Exchange,* 778 S.W.2d 395, with approval in

*Schaffer v. Bess,* 822 S.W.2d 871, 878 n. 1 (Mo. App.1991).

■ As did the court in *Shafer*, we hold that an insured under a policy containing an uninsured motorist clause who brings an action against the insurer to enforce his claim, and who establishes by evidence that the insurer has refused to pay such loss without reasonable cause or excuse, is entitled to the penalties provided for under section 375.420. The right to seek the penalties exists even though the insured never obtains an adjudication against the uninsured motorist.

■ The trial court erred by dismissing appellant's claim for vexatious refusal to pay in reliance on *Craig v. Iowa Kemper Mutual Insurance Co.*, 565 S.W.2d 716. The judgment of the trial court dismissing said claim is reversed and this cause is remanded for further proceedings consistent with this opinion.

All concur.