**Lemark WALKER, Plaintiff/Appellant,**

v.

**COMMERCIAL UNION INSURANCE CO., Defendant/Respondent.**

No. 64211.

Missouri Court of Appeals, Eastern District, Division One.

April 26, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 6, 1994.

Application to Transfer Denied Aug. 15, 1994.

 

030.5, RSMo 1986), as well as so-called "medical payments" and property damage coverages. All premiums were paid and the policy was in force at the time of the accident. As a listed driver of the car, plaintiff was covered by the policy.

On March 25, 1992, plaintiff was driving his father's insured automobile when the car was struck by that of an uninsured motorist, Wanda Hill. Plaintiff alleges he was proceeding through an intersection when Hill failed to stop at a red light and struck plaintiff's father's car.

Plaintiff alleges that on November 3, 1992, he made a written demand on defendant under the uninsured motorist provision of the policy for $8,000 as a compromise settlement for plaintiff's injuries and damages arising from the accident. He further claims that on December 1, 1992, an agent of defendant informed plaintiff that defendant had evaluated plaintiff's uninsured motorist claim at $6,000. Defendant also informed plaintiff that defendant would claim the right under the policy to "set off" against the $6,000 the sum of $2,065.30 for plaintiff's medical bills which were covered and had been paid under the "medical payments" provision of the policy.

On December 2, 1992, plaintiff requested defendant supply him with a copy of the policy detailing any provisions allowing such a "set off" of medical payments against the uninsured motorist claim. Defendant provided a copy of the policy on February 4, 1993. Plaintiff asserts no such provision exists in that policy.

Thomas F. Jones, Bryan L. Hettenbach, Jones & Rath, Clayton, for plaintiff, appellant.

Russell F. Watters, T. Michael Ward, Brown & James, P.C., St. Louis, for defendant, respondent.

REINHARD, Judge.

Plaintiff appeals the trial court's dismissal of a count in his petition for vexatious refusal to pay. We reverse and remand.

Plaintiff is an automobile driver injured when the automobile he was driving was struck by an uninsured motor vehicle. Defendant is plaintiff's insurance company, which had issued an automobile insurance policy to plaintiff's father covering his father's automobile. The policy included uninsured motorist coverage (pursuant to § 303.-

On March 8, 1993, plaintiff filed a two-count petition in the circuit court. Count I was a breach of contract claim under the uninsured motorist clause of the policy for damages resulting from personal injury caused by the negligence of the uninsured motorist in running the red light. Count II was a claim, pursuant to §§ 375.296 and 375.-420, RSMo 1986, for vexatious refusal to pay anything on the uninsured motorist claim,[1]

---

1. Section 375.420 provides (in relevant part): In any action against any insurance company to recover the amount of any loss under a policy of automobile ... insurance, if it appears from the evidence that such company has refused to pay such loss without reasonable cause or excuse, the court or jury may, in addition to the amount thereof and interest, allow the plaintiff damages not to exceed twenty percent of the first fifteen hundred dollars of

even though defendant had already agreed to a value of $6,000 on the claim.

Defendant filed a motion to dismiss Count II for failure to state a claim upon which relief can be granted in that "[plaintiff] has failed to allege ... that the fault of the alleged uninsured motorist ... has been adjudicated or otherwise shown that he is legally entitled to recover against [the uninsured motorist]." The trial court sustained the motion. The court also made a determination pursuant to Rule 74.01 that there was no just reason for delay in appealing the dismissal.

■ When considering a motion to dismiss for failure to state a claim upon which relief can be granted, we must interpret the pleading broadly, treating all facts alleged as true and construing all allegations favorably to plaintiff. *Lowrey v. Horvath*, 689 S.W.2d 625, 626 (Mo. banc 1985).

In his sole point on appeal, plaintiff contends the trial court erred in dismissing Count II of his petition in that a plaintiff need not obtain an adjudication against an uninsured motorist as a prerequisite to a suit for vexatious refusal to pay under uninsured motorist coverage.

Defendant relies on *Craig v. Iowa Kemper Mut. Ins. Co.*, 565 S.W.2d 716 (Mo.App.1978), in which the Western District addressed the very question at issue in the instant case. In *Craig*, two policyholders brought a claim against their insurer for vexatious refusal to pay under the uninsured motorist provision of their automobile insurance policy. The trial court denied the claim and the Western District affirmed that denial. The court stated:

> The obligation of [insurer] to pay $10,000 to [policyholders] ... did not accrue merely because they proved a loss but only after the damage was adjudicated to result from the legal liability of the uninsured motorist. Thus, the claim of [policyholders] did not become *a loss under the policy* within the terms of § 375.420—and so payable directly from the insurer to the in-
>
> the loss, and ten percent of the amount of the loss in excess of fifteen hundred dollars. . . .

sured—until the legal cause for the injury first was fixed on the uninsured motorist. Only then did the claim become *a loss under the policy*, and so, *ex contractu*—in this case, when final judgment was entered on the verdict of December 20, 1972 against [the uninsured motorist].

> ... In consonance with explicated principles, the claim on the uninsured motorist coverage of the policy did not accrue to the [policyholders] against [insurer] until the judgment against [uninsured motorist] became final on January 19, 1973. Then for the first time the [policyholders] became *insureds* under the uninsured motorist provision of the policy within the meaning of § 375.420. Only then did their claim become *a loss upon a policy—ex contractu*—entitled to payment by [insurer] without reasonable delay. (Emphasis original).[2]

*Id.* at 720–22.

Subsequent to the decision in *Craig*, our supreme court, in *Oates v. Safeco Insurance Company of America*, 583 S.W.2d 713, stated:

> To recover under an uninsured motorist policy, *the insured does not need an unsatisfied judgment against the uninsured motorist*, but has the burden of proving (1) that the other motorist was uninsured, (2) that the other motorist is legally liable to the insured, and (3) the amount of damages. The second element set out is equivalent to the statutory and contractual requirement that the insured be "legally entitled to recover." (Citations omitted).

*Id.* at 715.

The *Oates* court continued:

> We interpret the words "legally entitled to recover" to mean simply that the plaintiff must be able to establish fault on the part of the uninsured motorist which gives rise to damages and prove the extent of those damages. . . . [We] hold that this phrase refers to fault on the part of the uninsured motorist.

2. Defendant further contends our court endorsed the *Craig* holding in *State ex rel. Safeco National Insurance Co. of America v. Rauch*, 849 S.W.2d 632 (Mo.App.1993). We do not agree.

*Id.* at 716, (quoting *Reese v. Preferred Risk Mutual Insurance Co.,* 457 S.W.2d 205, 208 (Mo.App.1970)).

The court in *Oates* further stated:

[T]he insured is "legally entitled to recover" if his action is not barred by a substantive limitation at the time the action is brought against the uninsured motorist carrier and he can show (1) causal negligence or fault on the part of the uninsured motorist, (2) the absence of contributory negligence where submitted, and (3) resulting damage to himself. (Citations omitted)

*Oates,* 583 S.W.2d at 716–717.

*Oates* dealt only with whether a motorist is entitled to recover under his uninsured motorist coverage without a prior adjudication against the uninsured motorist. The supreme court has also held the right to recover under an uninsured motorist clause is on the contract and not in tort. *Cobb v. State Security Insurance Co.,* 576 S.W.2d 726, 736 (Mo. banc 1979).

Recently, in *Thomas v. American Casualty Insurance Co.,* 871 S.W.2d 460 (Mo.App. W.D.1993),[3] the Western District changed its stance regarding this issue. In *Thomas,* as here, a policyholder's claim for vexatious refusal to pay a claim under the uninsured motorist coverage of his policy was dismissed by the trial court because there had been no prior adjudication of the uninsured motorist's liability.

The court overruled *Craig,* holding:

an insured under a policy containing an uninsured motorist clause who brings an action against the insurer to enforce his claim, and who establishes by evidence that the insurer has refused to pay such loss without reasonable cause or excuse, is entitled to the penalties provided for under § 375.420. The right to seek the penalties exists even though the insured never obtains an adjudication against the uninsured motorist.

*Thomas* at 462.

The *Thomas* case is in accord with the Southern District's analysis of whether vexa-

tious refusal to pay penalties may be assessed under § 375.420 on claims based on uninsured motorist coverage in light of the *Oates* decision. *See, Shafer v. Auto. Club Inter–Ins. Exchange,* 778 S.W.2d 395 (Mo. App.1989). In *Shafer,* the trial court sustained a motion to dismiss the policyholder's vexatious refusal to pay claim under an uninsured motorist policy. The *Shafer* court reversed, stating "*Craig* is no longer controlling authority." *Shafer* 778 S.W.2d at 399. It also criticized the *Craig* holding, noting "[t]he court did not rely on any statutory language or on any authoritative case law in reaching the above conclusion." *Id.* The *Shafer* court further held:

An uninsured motorist coverage claim is a separate and distinct cause of action from the tort claim against the uninsured motorist, and the insured is not required to assert any claim against the uninsured motorist as a condition precedent to recovery under the insurance contract.

*Id.* at 399, citing *Oates,* 583 S.W.2d at 717.

The *Shafer* court summarized its holding as follows:

Because the rule enunciated in *Craig* was dependent upon that court's conclusion that an adjudication was a precondition to the insured's having suffered "a loss under the policy," it is in conflict with the more recent and authoritative holdings of the Missouri Supreme Court. To the extent of the discord, *Craig* will not be followed. We hold that an insured under a policy containing an uninsured motorist clause who brings an action against the insurer to enforce his claim, and who establishes by evidence that the insurer has refused to pay such loss without reasonable cause or excuse, is entitled to the penalties provided for under § 375.420. The right to seek the penalties exists even though the insured never obtains an adjudication against the uninsured motorist.

*Id.*

█  In the instant case, as in *Thomas* and *Shafer,* plaintiff's petition included claims for

---

3.  *Thomas* was transferred to the supreme court. On March 22, 1994, the supreme court re-trans-

ferred the case to the Western District without opinion.

both actual damages and vexatious refusal to pay. In each case, the trial court sustained a motion to dismiss the vexatious refusal claim because no prior adjudication had been made on the issue of the uninsured motorist's liability. In *Thomas* and *Shafer,* our colleagues in the Western and Southern Districts held that a claim for vexatious refusal to pay can be pled in the same petition as the underlying claim for actual damages. Defendant argues the *Shafer* and *Thomas* decisions "distort the supreme court's holding in *Oates* and improperly permit a vexatious refusal to pay claim without prior adjudication of the motorist's legal liability for damages." We disagree. The reasoning of our colleagues in *Shafer* and *Thomas* were proper applications of *Oates* to the issue here.

The judgment of the trial court is reversed and the cause remanded.

CRANDALL, P.J., and CRIST, J., concur.

